AMOS LOCKE & wife *vs.* SELECTMEN OF LEXINGTON.

Middlesex.   Jan. 17, 18. — March 7, 1877.   MORTON & ENDICOTT, JJ
absent.

A writ of certiorari lies only to correct the errors and restrain the excesses of jurisdiction of inferior courts or officers acting judicially.

If a statute, which confers judicial powers upon selectmen, and which is to take effect upon its acceptance by the town, is not legally accepted, the selectmen acquire no jurisdiction under it, their proceedings are void, and a writ of certiorari will not lie to quash them.

A statute by its terms was to take effect when accepted by a town " at a legal meeting called for that purpose."   The by-laws of the town required warrants for town meetings to be issued fourteen days and served eight days previously.   The meeting, at which the statute was accepted by the town, was held on the second day after its passage, under a warrant served on the inhabitants some days before its passage.   *Held,* that the statute was not legally accepted.

PETITION for a writ of certiorari to quash the proceedings of the selectmen of the town of Lexington, claiming to act under the St. of 1873, *c.* 214, in making excavations to drain certain meadows and low lands in that town, and in assessing the expenses thereof on the estates benefited.   So much of the case, as is material to the understanding of the point decided, is stated in the opinion.

*C. Robinson, Jr.,* for the petitioners.

*G. A. Somerby,* (*F. F. Heard* with him,) for the respondents.

GRAY, C. J.   A writ of certiorari lies only to correct the errors and restrain the excesses of jurisdiction of inferior courts or officers acting judicially.   *Rex* v. *Lediard,* Sayer, 6.   *Rex* v. *Lloyd,* Cald. 309.   *In re Constables of Hipperholme,* 5 D. & L. 79, 81.   *The Queen* v. *Hatfield Peverel,* 14 Q. B. 298.   *The Queen* v. *Salford,* 18 Q. B. 687.   *Parks* v. *Mayor & Aldermen of Boston,* 8 Pick. 218.   *Farmington River Water Power Co.* v. *County Commissioners,* 112 Mass. 206.

The selectmen of a town are not a court, and, independently of the St. of 1873, *c.* 214, exercise no judicial functions which could be revised by writ of certiorari; but only powers which are purely executive or ministerial, or which are not subject to revision at all, as in the case of determining the location of telegraph posts and wires, or which are subordinate to the action of

the town, as in the case of the laying out of town ways or the taking of lands for school-houses. *Young* v. *Yarmouth*, 9 Gray, 386, 390. *Robbins* v. *Lexington*, 8 Cush. 292. *Hooper* v. *Bridgewater*, 102 Mass. 512.

The St. of 1873, *c.* 214, passed April 19, 1873, provides, in § 9, that " this act shall take effect " " at a legal meeting called for that purpose." A legal meeting could only be called by a warrant expressing the subject to be acted on. Gen. Sts. *c.* 18, §§ 21, 22. Such a warrant could not be issued until the statute had been passed, for before that time it could not be known what the provisions of the statute would be, and therefore no notice could be given, to the inhabitants of the town, of the measure upon which they were to vote.

The case differs from that of the laying out, within the powers existing by law in the selectmen and in the town at the time of the issuing of the warrant, of a town way, the location of which must be filed seven days before the town meeting, and if not so filed the warrant is rendered nugatory. *Harrington* v. *Harrington*, 1 Met. 404. *Geer* v. *Fleming*, 110 Mass. 39. Gen. Sts. *c.* 43, § 65. It equally differs from the case of *Workman* v. *Worcester*, 118 Mass. 168, in which a statute, which by its terms was to be void unless accepted by the inhabitants of a city within a year after its passage, and which by the general law would take effect on the thirtieth day after its passage, was held to have been legally accepted at a meeting duly called and held within the thirty days.

The by-laws of the town of Lexington require warrants for town meetings to be issued fourteen days and served eight days previously. The meeting at which the St. of 1873, *c.* 214, was accepted by the town, having been held on the second day after the passage of the statute, under a warrant served on the inhabitants some days before its passage, was not legally called, the statute never took effect, and the selectmen never acquired any judicial powers. It is not a case of excess of jurisdiction by a court legally established, but a case of no jurisdiction and no court. The doings of the selectmen were therefore merely void ; they require no writ of certiorari to set them aside, and do not bar the petitioners of any appropriate remedy by action. *Ewing* v. *St. Louis*, 5 Wall. 413, 418. *People* v. *Covert*, 1 Hill

(N. Y.) 674. *In re Daws,* 8 A. & E. 930; *S. C.* 1. P. & D. 146.

As for this reason a writ of certiorari cannot be granted, the case does not require a consideration of the other questions argued at the bar.                    *Petition dismissed.*