JAMES R. McMINN *vs.* MAYOR OF CAMBRIDGE.

Middlesex. September 13, 1916. — October 18, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Intoxicating Liquors. License. Municipal Corporations. Cambridge. Mandamus.*

In the city of Cambridge, which adopted the Plan B form of government under St. 1915, c. 267, Part III, and which voted not to grant licenses for the sale of intoxicating liquors, the power to grant licenses of the sixth class to retail druggists or apothecaries is vested in the city council.

St. 1915, c. 267, Part III, § 8, providing, for a city that has adopted the Plan B form of government under that statute, that "Every order, ordinance, resolution and vote relative to the affairs of the city, adopted or passed by the city council, shall be presented to the mayor for his approval," does not apply to an order of the city council of such a city voting a license of the sixth class to an apothecary, such an order being passed by the city council as a licensing board and not being subject to the veto power of the mayor.

If the mayor of such a city refuses to sign such a sixth class license after it has been voted by the city council, he can be compelled to sign it by a writ of mandamus.

It was *said,* that a statute like St. 1909, c. 423, which relates to the sale of ice cream, confectionery, soda water and fruit on the Lord's day and provides that the mayor and city council may grant licenses, in case there are no aldermen, stands on a different footing.

PETITION, filed on July 3, 1916, for a writ of mandamus addressed to the mayor of Cambridge, commanding him to sign a license of the sixth class granted to the petitioner by the board of aldermen or city council to sell intoxicating liquors in the premises numbered

272 on Broadway in Cambridge maintained by the petitioner as a retail druggist and apothecary.

The case was submitted upon an agreed statement of facts to *Crosby*, J., who found the facts to be as stated in the agreed statement of facts and ruled that under R. L. c. 100, § 22, and upon the facts as stated the power to grant licenses of the sixth class in the city of Cambridge was in the city council alone; that a majority vote of the city council, as set forth in the agreed statement of facts, was a sufficient granting of such licenses of the sixth class; that the mayor had no power of veto over a majority vote of the city council granting such licenses of the sixth class; that the city council is not required, after expressed disapproval by the mayor of such vote, to vote again to grant such licenses by a two thirds vote; and that the writ should issue.

At the request of the parties the justice reported the case upon the petition, the answer and the agreed statement of facts for determination by the full court.

Among the facts stated in the agreed statement of facts were the following: The city of Cambridge, in December, 1915, voted to adopt Plan B as provided in St. 1915, c. 267, Part III. On the first Monday in January, 1916, the Plan B form of charter became operative in Cambridge and that city since has been working under that form of charter.

The case was submitted on briefs.

*F. M. Phelan & J. A. Conway*, for the petitioner.

*H. F. R. Dolan & J. H. Morson*, for the respondent.

LORING, J. The granting of liquor licenses of the sixth class in the city of Cambridge is vested in the city council unless a veto power is given to the mayor by St. 1915, c. 267, Part III, § 8.

It is provided by R. L. c. 100, § 22, (amended by St. 1915, c. 200,) that the granting or not granting of a sixth class liquor license to a retail druggist or apothecary is vested in the mayor and aldermen in case of a city where there is no licensing board. There was no licensing board in the city of Cambridge. By force of R. L. c. 8, § 5, cl. 10, the mayor and aldermen in such a case mean the board of aldermen. And finally, by force of R. L. c. 26, § 3, in cities which have a single legislative board other than a board of aldermen "such board shall . . . have the powers, per-

form the duties and be subject to the liabilities of the board of aldermen."

Under the Revised Laws in cities which vote to grant liquor licenses the granting or not granting of licenses to sell liquor and of licenses to be an innholder or common victualer is vested in a licensing board. R. L. c. 100, §§ 9, 10; c. 102, § 2. In cities which vote not to grant licenses for the sale of intoxicating liquors the power to grant both these kinds of licenses is given to the board of aldermen. St. 1910, c. 383, amending R. L. c. 102, § 2.

The function performed by the board of aldermen and in Cambridge and similar cities by the city council in granting or not granting liquor licenses of the sixth and seventh class and in granting or not granting licenses to be an innholder or common victualer is the same function which is exercised by the licensing board when the granting of those licenses is within the power of the licensing board.

The veto power given by St. 1915, c. 267, Part III, § 8, is in these words: "Every order, ordinance, resolution and vote relative to the affairs of the city, adopted or passed by the city council, shall be presented to the mayor for his approval." An order voting a license of the sixth class to an apothecary is an order made by the city council as a licensing board and is no more subject to the veto power of the mayor than is a similar order made by the licensing board itself in cities which vote for license.

We are of opinion therefore that it is not within St. 1915, c. 267, Part III, § 8, and that on the council voting to grant the petitioner a license he was entitled to have a license issued to him signed by the mayor.

St. 1909, c. 423,* stands on a different footing. By the terms of that act the licensing board is made up of the mayor and council. No question of his veto power arises under that act.

A mandatory writ should issue. *Braconier* v. *Packard,* 136 Mass. 50. *Deehan* v. *Johnson,* 141 Mass. 23. And see in this connection *Larcom* v. *Olin,* 160 Mass. 102.

*Writ to issue as prayed for.*

---

* This statute relates to the sale of ice cream, confectionery, soda water and fruit on the Lord's day, and provides that the mayor and council may grant licenses, in case there are no aldermen.