EDWIN R. SAMPSON & others *vs.* TREASURER AND RECEIVER GENERAL.

SAME *vs.* METROPOLITAN DISTRICT COMMISSION.

SAME *vs.* SAME.

Suffolk.    January 11, 1933. — February 18, 1933.

Present: RUGG, C.J., PIERCE, WAIT, DONAHUE, & LUMMUS, JJ.

*Metropolitan District Commission.  South Metropolitan Sewerage District.  Weymouth.  Municipal Corporations,* Officers and agents.  *Statute,* Construction, Acceptance.

By the provisions of § 6 of St. 1930, c. 419, admitting the town of Weymouth to the south metropolitan sewerage district, that the act should

take effect "upon its acceptance by a majority of the town meeting members of the town of Weymouth present and voting thereon at a meeting legally called for the purpose, not later than" May 1, 1931, the power of acceptance was conferred solely upon the town meeting members, without their action being subject to a referendum vote of the town under St. 1921, c. 61; and a vote of a majority of the town meeting members at a meeting duly held on March 4, 1931, in favor of accepting said c. 419, was a sufficient acceptance thereof, notwithstanding that a referendum vote of the town was taken on April 13, 1931, and a majority of the voters then voted to reject the act.

Two PETITIONS for writs of mandamus, filed in the Supreme Judicial Court for the county of Suffolk on January 18, 1932. Also a

PETITION for a writ of certiorari, filed in that court on the same date.

Each of the petitions contained allegations that the petitioners were the treasurer and the assessors of the town of Weymouth; that the metropolitan district commission, under G. L. (Ter. Ed.) c. 92, §§ 5, 6, 7, had determined a certain sum as that which said town should pay to the Commonwealth as a member of the south metropolitan sewerage district; that the Treasurer and Receiver General had deducted said sum from moneys otherwise payable to the town by the Commonwealth; that the town had never become a member of the south metropolitan sewerage district; that the determination by the metropolitan district commission was void; and that the petitioners were hindered in the performance of their duties by the commission's action. The prayer of the first petition was for a writ of mandamus commanding the respondent to pay over to the petitioner Sampson, as treasurer of the town, the sum so withheld. The prayer of the second petition was for a writ of mandamus commanding the respondents to omit any charges against the town in determining the expenses of the south metropolitan sewerage district.

Material facts are stated in the opinion. The cases were reserved by *Wait*, J., for determination by the full court.

The cases were submitted on briefs.

*K. L. Nash*, for the petitioners.

*J. E. Warner,* Attorney General, *& E. T. Simoneau,* Assistant Attorney General, for the respondents.

WAIT, J. These three proceedings have a common purpose. They challenge the propriety of action of the State Treasurer and of the metropolitan district commission with regard to the town of Weymouth, in dealing with it as a member of the south metropolitan sewerage district. The merits of the controversy will be settled by the decision of a single issue. We accordingly address ourselves to that issue; we set to one side and do not pass upon questions of procedure and of right to institute and maintain the peti-tions of mandamus and of certiorari which present the issue. "In any event the ultimate decision must be against the . . . [petitioners], and in such case there seems to be no objection to stating the grounds of substantive law which support the result." *Commonwealth* v. *McNary,* 246 Mass. 46, 48.

If the town has become a member of the south metropolitan sewerage system, the metropolitan district commission by virtue of St. 1930, c. 419, and of G. L. (Ter. Ed.) c. 92, §§ 5, 6 and 7, has acted within its powers, and the conduct of the State Treasurer is justified. St. 1930, c. 419, § 5. G. L. (Ter. Ed.) c. 92, § 8; c. 29, § 17. *Lowell* v. *Oliver,* 8 Allen, 247, 258.

The Legislature by St. 1930, c. 419, admitted Weymouth to the south metropolitan sewerage district and imposed obligations upon it. It further provided by § 6: "This act shall take effect upon its acceptance by a majority of the town meeting members of the town of Weymouth present and voting thereon at a meeting legally called for the purpose, not later than May first, nineteen hundred and thirty-one." The act was approved May 29, 1930. There is no dispute that the actions of the commission and of the State Treasurer are authorized by the terms of the statute; and that, at a meeting legally called for the purpose, the town meeting members of the town, on March 4, 1931, accepted the act by a vote of one hundred twenty-two members in the affirmative and twenty-four members in the negative. Nor is it denied that, acting in reliance upon

St. 1921, c. 61, which provided for precinct voting, representative town meetings, town meeting members, a referendum and an annual moderator in the town of Weymouth, a referendum vote was taken in the town on April 13, 1931, at which seven hundred eighty-one voted in favor of accepting and eighteen hundred fifty-two in favor of rejecting the act.

The decisive issue, therefore, is whether the statute has been accepted, and took effect on March 4, 1931; or was rejected on April 13, 1931, and has never taken effect. The petitioners, who are the treasurer and the members of the board of assessors of the town, all of them citizens, property owners and taxpayers of Weymouth, contend that in providing for acceptance by a majority vote of the town meeting members of the town, the Legislature intended that the acceptance should be by the registered voters of the town acting through their representative town meeting members subject to the ultimate control of a referendum such as is provided for by § 8 of St. 1921, c. 61, and not an acceptance by the town meeting members of the moment of the vote on acceptance acting, finally, in the exercise of a special authority conferred by St. 1930, c. 419, upon them and confined to them. It is a question of construction of the legal effect of the language of the statute. So considered, we have no doubt that the language is to be construed as meaning what its words in their ordinary signification set forth, that the power to decide upon acceptance is conferred upon "the town meeting members of the town of Weymouth present and voting thereon at a meeting legally called for the purpose," on or before May 1, 1931.

It is a canon of the law of statutory construction that the words of a statute ordinarily are to be taken in their common and approved meaning. Where they are clear and explicit — where they convey a thought plainly and adequately — they are to be taken as expressing that thought. Other and further implications are not to be given them. *See* v. *Building Commissioner of Springfield,* 246 Mass. 340, 343. We find nothing in the statute which suggests that the legislators did not have in mind a distinction between the town

meeting members and the town. On the contrary, the statute by, in terms, imposing certain duties on the town, and placing the decision of acceptance of the act upon a majority of the town meeting members, demonstrates that they did. The Legislature had authority to place Weymouth in the sewerage district without requiring acceptance of the act. *Commonwealth* v. *Badger*, 243 Mass. 137, 142. If it thought best to require acceptance, it had power to select whom it deemed wise to act in accepting. See *Kingman, petitioner*, 153 Mass. 566. Compare *Codman* v. *Crocker*, 203 Mass. 146, 152. In express and unequivocal language it appointed the town meeting members. It is not unusual, where acceptance is thought proper, to name selectmen of a town or the mayor and aldermen of a city as the accepting body. A referendum in such cases has not been thought necessary. Town meeting members may well be selected to perform the function; and we see no reason, because a referendum may be had with regard to much that they do, to infer a referendum in the particular case. If the Legislature had intended to permit a referendum here, all that it had to do was to call for acceptance by the town of Weymouth. Then the town meeting members must have acted, subject to the requirements of St. 1921, c. 61, in regard to referenda. G. L. (Ter. Ed.) c. 4, § 4. The fact that it made a different provision is persuasive that it meant its words to be taken in their literal meaning, confining action to the town meeting members.

We assume that the Legislature in enacting St. 1930, c. 419, had in mind St. 1921, c. 61, and did not intend by the former to affect the latter. There was no repeal or disregard of the power of referendum given by the latter act. The Legislature made use of the members of the body called into being under that act. It did not deal with them acting as a town meeting. The provisions with reference to referenda are applicable only to town meeting action. The statute before us differs from the language of St. 1932, c. 193, cited by the petitioners, where the *power to accept* is given to a majority of town meeting members of Winchester voting "at a town meeting of said town."

Our decision renders unnecessary any discussion of the contention that St. 1931, c. 426, § 208, is in error in dealing with Weymouth as a member of the south metropolitan sewerage district. The contention is without merit.

The orders will be

*Petition dismissed.*