MICHAEL J. HORRIGAN *vs.* CITY OF PITTSFIELD.

Berkshire.   September 17, 1935. — December 30, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Municipal Corporations*, Retirement upon pension, Acceptance of statute. *Pension. Statute*, Acceptance.

In a city in which G. L. (Ter. Ed.) c. 32, §§ 56-60, had not been formally accepted by the mayor pursuant to § 60, the mere approval by him without reference to §§ 56-60, of action by the board of aldermen, ex-

pressed to be "as provided by" c. 32, as amended, to retire on pension a police officer who was ineligible for retirement under § 83, but who would have been eligible under §§ 56–60 if they had been made applicable in that city, was not as matter of law an implied acceptance by the mayor of the latter sections. ·

CONTRACT. Writ in the District Court of Central Berkshire dated July 5, 1934.

Upon removal to the Superior Court, the action was heard without a jury by *F. T. Hammond*, J., who found for the defendant. The plaintiff alleged exceptions.

*W. A. Heaphy*, for the plaintiff.

*C. R. Alberti*, City Solicitor, for the defendant.

LUMMUS, J. G. L. (Ter. Ed.) c. 32, § 83, which in an earlier form was accepted by vote of the city council of Pittsfield, provides for the retirement on pension by the mayor and aldermen of a disabled police officer who has performed faithful service for twenty years continuously or whose disability has resulted from injuries sustained in the performance of duty. G. L. (Ter. Ed.) c. 32, §§ 56–60, provide for the retirement on pension of war veterans for various causes, but do not take effect in any city until accepted by the mayor, who is the "retiring authority."

The plaintiff is a war veteran who has served as a police officer less than twenty years. He is disabled, but from injuries received in military service rather than police duty. He was therefore ineligible for retirement under § 83. But on December 11, 1933, the board of aldermen purported to retire him on pension "as provided by Chapter 32 of the General Laws, as amended," and on December 13, 1933, the mayor "approved" that action. For a time the pension was paid, but on February 1, 1934, payments ceased for the reason that the city solicitor advised that the retirement on pension was not lawfully accomplished. The plaintiff performed no further service, and was not capable of further service. On July 5, 1934, the plaintiff brought this action to recover unpaid instalments of pension. *Bushell* v. *Mayor of Malden*, 260 Mass. 476, 481. In the Superior Court, the judge found for the defendant. The plaintiff alleged exceptions.

We assume in favor of the plaintiff, who had served more than ten years, that he might have been retired on pension as a war veteran under § 57, if §§ 56–60 had been made applicable to the city of Pittsfield. The mayor, as the "retiring authority" (§ 59), had never formally accepted those sections, under § 60. In *Rich* v. *Mayor of Malden,* 252 Mass. 213, 216, it was held that the act of a mayor in retiring a particular war veteran, expressed to be done under the authority of §§ 56–60, was by implication an acceptance of those sections. In this case the mayor did not purport to act under the authority of those sections, even though he may have intended to do so. His subordination of his own functions by merely approving what purported to be the act of the board of aldermen, tends to negative an intent to act under §§ 56–60, for the board of aldermen had no power under those sections. At any rate, we think the act of the mayor, without any express reference to §§ 56–60, was not as matter of law an implied acceptance of them under § 60, which would make them applicable to all cases which might arise in Pittsfield for an indefinite period thereafter. It is unnecessary to discuss in detail the exceptions or the requests for rulings.

*Exceptions overruled.*