RUTH I. LENOX *vs.* CITY OF MEDFORD.

Middlesex.    October 8, 1953. — December 4, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Pension.    Police.    Municipal Corporations,* Officers and agents.

After a certification by a medical panel under G. L. (Ter. Ed.) c. 32, § 89A,
as amended, that a police officer of a city died as a natural and proxi-
mate result of undergoing a hazard peculiar to his employment, and
the adoption of votes by the city council confirming such conclusion,
granting an annuity to his widow, and making an appropriation there-
for on the recommendation of the city manager, the city auditor was
not empowered by G. L. (Ter. Ed.) c. 41, § 52, to disallow payment of
the annuity on the ground that "he did not believe that there was
enough evidence to justify the vote of the city council or the conclusion
of the medical panel"; and the widow was entitled to recover instal-
ments of the annuity in an action of contract against the city.

CONTRACT.    Writ in the First District Court of Eastern
Middlesex dated February 21, 1952.

The action was heard by *Flynn,* J.

*Mark E. Gallagher, Jr.,* City Solicitor, for the defendant.

*John A. Daly,* (*Arthur V. Harper* with him,) for the
plaintiff.

LUMMUS, J.    The widow of a police captain of the city of
Medford, who died on March 2, 1951, brought in a District
Court this action of contract for instalments of an annuity
for herself of $1,500 a year and of an annuity of $312 a year
for their ten year old daughter, which instalments for nine-
teen weeks from October 16, 1951, to the date of the writ,
February 21, 1952, amounted to $662.07.

General Laws (Ter. Ed.) c. 32, § 89A, inserted by St.
1948, c. 552, and as amended by St. 1950, c. 757, and St.
1951, c. 147, § 1, provides for the payment to the widow of
a city employee of an annuity not exceeding $1,500 a year
plus $312 a year for each child under eighteen years of age,

provided the employee died as a natural and proximate result of undergoing a hazard peculiar to his employment while in the performance of his duty, upon the certificate of two physicians designated by the mayor and city council and one designated by the commissioner of public health, or a majority of them. The city council of Medford accepted these provisions of statute on October 2, 1951, but prior to that date and prior to the enactment of § 89A there existed as § 89 a similar provision for a smaller annuity. See *Tolman v. Selectmen of Brookline*, 319 Mass. 382.

On June 27, 1951, the plaintiff applied for the annuity. A medical panel of three physicians was chosen under the statute, and on October 5, 1951, certified to the city treasurer that the police captain died as the natural and proximate result of his undergoing a hazard peculiar to his employment. On October 16, 1951, the city manager recommended to the city council that it transfer from the reserve fund $383.31 for the purpose of paying the annuity, and on the same day the city council adopted an order accordingly. On January 29, 1952, the city council voted to grant the plaintiff an annuity of $1,500 for herself as long as she remains a widow and $312 for the minor daughter while she is under the age of eighteen years. On the same day the city council voted to confirm the finding of the medical panel, and the appropriation of October 16, 1951.

At the trial in the District Court the city auditor testified that he did not include anything in the payroll for the annuity to the plaintiff "because he did not believe that there was enough evidence to justify the vote of the city council or the conclusion of the medical panel."

The judge found for the plaintiff for the full amount of her declaration, and the Appellate Division dismissed a report. The defendant appealed to this court.

Analysis of the proper functions of the city manager, the medical panel, and the city council is not required. All of them united in finding that the plaintiff was entitled to the annuity claimed by her. The statutory requirements for such an annuity appear to have been satisfied. By G. L.

(Ter. Ed.) c. 41, § 52, a city auditor may disallow and refuse to approve for payment by the city a claim "as fraudulent, unlawful or excessive," filing with the city treasurer "a written statement of the reasons for the refusal." But we think that the powers of a city auditor do not extend to revising the findings of fact of other administrative officers on the ground that they were not warranted by the evidence. In our opinion a discussion in detail of the requests for rulings presented by the defendant is not required.

The plaintiff could recover her annuity by an action of contract. *Daly* v. *Mayor of Medford*, 241 Mass. 336, 339. *Bushell* v. *Mayor of Malden*, 260 Mass. 476, 481. *Police Commissioner of Boston* v. *Boston*, 279 Mass. 577, 581. *Horrigan* v. *Pittsfield*, 293 Mass. 17.

*Order dismissing report affirmed.*