IGNATIUS BRUCATO & another *vs.* CITY OF LAWRENCE & others.

Essex.    February 5, 1959. — March 3, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & CUTTER, JJ.

*Statute,* Acceptance, Revocation of acceptance, Retroactive statute. *Municipal Corporations,* By-laws and ordinances, Municipal finance. *Words,* "Ordinance."

An acceptance of a statute by a municipality cannot be revoked by it unless a revocation is authorized by the Legislature. [615–616]

An acceptance of G. L. c. 31, § 47E, by a municipality cannot be revoked by it. [616]

G. L. c. 31, § 47E, when accepted by a municipality, operates only prospectively. [617]

None of the provisions of G. L. c. 44, § 33A, applies to acceptance by a city of c. 31, § 47E, requiring annual step rate salary increases for certain employees; and an acceptance of § 47E by the city council of a city in September, 1957, was valid notwithstanding that the acceptance was by only a majority vote of the council and that § 47E when accepted operated only prospectively and by its terms required no expenditures until July 1, 1958. [618–619]

As of July 1, 1958, by reason of an acceptance of G. L. c. 31, § 47E, by the city council of a city effective on September 26, 1957, the initial step rate increase shown in the compensation plan established under § 47D should be paid to each employee of the welfare department who had, after September 26, 1957, and on or before July 1, 1958, an anniversary of the date of his first receiving the minimum salary shown in the compensation plan for the position held by him. [619]

BILL IN EQUITY, filed in the Superior Court on December 23, 1957.

The suit was reported by *Macaulay*, J.

*John J. Griffin*, for the plaintiffs.

*James P. Kane*, City Solicitor, for the defendants, submitted a brief.

CUTTER, J. This is a bill for a declaratory decree brought by a social worker and a senior clerk typist in the public welfare department of the city of Lawrence, in behalf of themselves and all other employees of the department. The plaintiffs on September 16, 1957, were receiving the minimum salary then provided under a compensation plan established under G. L. c. 31, § 47D (inserted by St. 1941, c. 402, § 1). On September 16, 1957, the city council voted to accept G. L. c. 31, § 47E (inserted by St. 1951, c. 537),[1] which, subject to local acceptance of the section as therein stated, provided that certain annual "step-rate" pay increases "be given" to employees under the compensation plan "on the first day of July following the anniversary of the date of their receiving the minimum salary for the position which they hold." The city clerk on September 17, 1957, notified the director of civil service and the State Secretary[2] of the September 16 vote. On January 13, 1958,

[1] Section 47E reads: "Persons holding positions referred to in section forty-seven C shall be given an annual step-rate increase, to be set forth in the compensation plan established under section forty-seven D, on the first day of July following the anniversary of the date of their receiving the minimum salary for the position which they hold . . . . Such increase shall be fixed by the board referred to in section forty-seven D and shall be paid annually until the maximum salary set forth in the compensation plan established under section forty-seven D for the positions so held has been reached. . . . This section shall become effective . . . in the case of . . . cities *by vote of the city council*, subject to the provisions of the charter . . ." (emphasis supplied).

[2] General Laws c. 4, § 5 (as amended through St. 1935, c. 69), reads: "If a statute is to take effect upon action by a body politic or corporate or by any board . . . of such a body, or to become or cease to be operative, in whole or in so far as it affects such a body, upon action as aforesaid, a return of the result of any action so taken shall be made by the clerk of such body . . . to the state secretary within thirty days thereafter. If a statute prescribes a time within which such action may be taken, and within the time limited no action is taken thereon, said clerk or other officer shall, within thirty days after the expiration of the time so limited, make to the state secretary a return to that effect." It will be noted that this section provides for reports when a statute takes effect or when it ceases to be operative. The section, however, provides no general authorization of revocations of acceptances once given.

the city council voted unanimously to rescind the action taken on September 16, 1957, and the director of civil service and the State Secretary were notified also of this vote.

The mayor refused to provide any 1957 supplemental appropriation to pay for increases in pay of employees of the welfare department in that year. The city auditor disallowed payment of any increase in salary to the employees of the welfare department on the ground that he believed "payment would be a violation of" G. L. c. 44, § 33A (as amended through St. 1955, c. 358).[3] The city budget for 1957 had been adopted on March 4, 1957, and "did not include a provision for any increases for the" plaintiffs.

The plaintiffs ask for (a) a binding declaration that the provisions of § 47E (see footnote 1, *supra*) were accepted on September 16, 1957, by a still valid vote of the city council; (b) a determination of the date on which the plaintiff Brucato and other employees of the welfare department became entitled to the step rate increase provided by § 47E; and (c) appropriate enforcement of § 47E in Lawrence. The case was reported to this court without decision (see G. L. c. 214, § 31) upon the pleadings and a statement of agreed facts.

1. It is not unusual for the Legislature to provide that a statute expressed in terms of general application shall take effect in each city and town only upon its acceptance by such city or town, or by some public body in that community. *Graham* v. *Roberts*, 200 Mass. 152, 157–158. *Barnes* v. *Mayor of Chicopee*, 213 Mass. 1, 4–5. *Cunningham* v. *Mayor*

---

[3] Section 33A reads: "The annual budget shall include sums sufficient to pay the salaries of officers and employees fixed by law or by ordinance. Notwithstanding any contrary provision of any city charter, no ordinance providing for an increase in the salaries or wages of municipal officers or employees shall be enacted *except by a two thirds vote of the city council,* nor unless it is to be operative for more than three months during the financial year in which it is passed; provided, however, that in any year other than a regular municipal election year, ordinances may be enacted by a two thirds vote during the month of December providing for an increase in the salaries and wages of officers and employees, to become effective as of January first of the next ensuing year. No new position shall be created or increase in rate made by ordinance, vote or appointment during the financial year subsequent to the submission of the annual budget unless provision therefor has been made by means of a supplemental appropriation. . . ." (emphasis supplied).

*of Cambridge,* 222 Mass. 574, 576–577. *Wright* v. *Walcott,* 238 Mass. 432, 438. *Opinion of the Justices,* 303 Mass. 631, 639. *School Comm. of Gloucester* v. *Gloucester,* 324 Mass. 209, 210. See McQuillin, Municipal Corporations (3d ed.) §§ 4.10, 4.49, 9.14. Cf. *Mount Washington* v. *Cook,* 288 Mass. 67, 74; *Mayor of Gloucester* v. *City Clerk of Gloucester,* 327 Mass. 460, 464; *Robinson* v. *Selectmen of Watertown,* 336 Mass. 537, 546. A vote of the designated body accepting the legislation for any particular city or town is thus made a condition precedent to any effectiveness of the statute in that city or town. In local matters of the type here involved the Legislature, of course, has power to take action by statute without any provision for acceptance by the several cities and towns, and if the Legislature considers it "best to require acceptance, it . . . [has] power to select whom it . . . [deems] wise to act in accepting." See *Sampson* v. *Treasurer & Receiver Gen.* 282 Mass. 119, 123. Cf. the constitutional limitations on changing forms of town government contained in Mass. Const. arts. 2, 70, of the Amendments; *Moore* v. *Election Commrs. of Cambridge,* 309 Mass. 303, 314–316; *Opinion of the Justices,* 328 Mass. 674, 676–677. Cf. also *Horrigan* v. *Pittsfield,* 293 Mass. 17, 18–19.

The Legislature may provide that a city or town, which once accepts a statute (enacted subject to local acceptance), shall have the power to revoke its acceptance. An intention that this power shall exist may be found in an express provision to that effect, as in the provision for absent voting in cities and towns, G. L. c. 54, § 103A (as amended through St. 1948, c. 477, § 2), or in the fact that an annual or periodic option is to be exercised locally as, for example, in the provisions with respect to liquor licenses, G. L. c. 138, §§ 11, 11A, as amended, or in the opportunity for changes in the form of city charters made possible under G. L. c. 43, §§ 1, 2, 7–13, 45–116, as amended. In the absence, however, of some indication in the language, the form, or the subject matter of a particular statute enacted subject to local acceptance, that an acceptance once given may be revoked,

the effect of a valid acceptance by a city or town is to make the statute operative in that community until the statute is repealed or amended.   Once the condition precedent stipulated by the Legislature to the taking effect of the statute in the community is satisfied, it becomes applicable statute law, subject to change, as in the case of other statutes, only by subsequent action of the Legislature.   See *Northern Trust Co.* v. *Snyder,* 113 Wis. 516, 532–533; *Holt Lumber Co.* v. *Oconto,* 145 Wis. 500, 505–507; McQuillin, Municipal Corporations (3d ed.) § 9.15.

In § 47E, there is no express provision for revocation of a city's acceptance of the section, once validly given.   Nothing in the form of acceptance prescribed or in the subject matter of the section indicates that the city council's power with respect to acceptance of § 47E would not be exhausted after a valid election to accept.   If the acceptance of § 47E on September 16, 1957, was effective, the city could not thereafter rescind its acceptance, and the vote of January 13, 1958, was a nullity.   On the other hand, if the acceptance of September 16, 1957, was not within the powers given to the city council by the Legislature, or was given at a time when the city council could not properly act on the subject matter, the vote of January 13, 1958, may well have been an appropriate recognition of any such invalidity in the prior acceptance.

2. The city contends that the acceptance of § 47E was invalid because made in violation of G. L. c. 44, § 33A (see footnote 3, *supra*), a section of the municipal finance act to which the "Legislature has always attached importance . . . in the interest of prudent [municipal] fiscal management and continued solvency." *Foley* v. *Lawrence,* 336 Mass. 60, 64–65. Cf. *Mayor of Holyoke* v. *Chief of Police of Holyoke,* 328 Mass. 253, 258. This section contains two prohibitions here pertinent. The first is that "no ordinance providing for an increase in . . . salaries . . . shall be enacted except by a two thirds vote of the city council, nor unless it is to be operative for more than three months during the financial year in which it is passed" (subject to a

proviso not here pertinent). The second is that no "increase in rate [shall be] made by ordinance, [or] vote . . . during the financial year subsequent to the submission of the annual budget unless provision therefor has been made by means of a supplemental appropriation."

A valid acceptance of § 47E on September 16, 1957, would have been effective ten days thereafter since by § 47E any valid acceptance is to be "subject to the provisions of the charter." [4] Under § 47E, the employees within the language of the section are to be "given an annual step-rate increase . . . on the first day of July following the anniversary of the date of their receiving the minimum salary for the position which they hold." If accepted as of September 26, 1957, § 47E could not result in any step rate increase for any employee until July 1, 1958, unless the section must be construed to operate retroactively after its acceptance by a city. Indeed, on July 1, 1958, unless § 47E were to be applied in some degree retroactively, no employee would receive an initial step rate increase if such employee had not had, between the effective date of the acceptance of the act and July 1, 1958, an "anniversary of the date of . . . receiving the minimum salary for the position" which such employee holds. Statutes like § 47E, affecting substantive rights, in the absence of a clear contrary legislative intention, will be construed to operate prospectively only and not retroactively. *Campbell* v. *Boston,* 290 Mass. 427, 429. See *Lindberg* v. *State Tax Commn.* 335 Mass. 141, 143. Cf. *Foley* v. *Springfield,* 328 Mass. 59, 62. There is no indication in § 47E that any retrospective operation of the section was intended. Accordingly, its acceptance would have authorized no expenditure in 1957. There could have been no violation of the second prohibition of § 33A (if applicable at all) for no supplemental appropriation would have been needed in 1957.

The requirement (in the second sentence of § 33A as

---

[4] Under St. 1911, c. 621, Part II, § 30, a measure passed by the Lawrence city council takes effect at the expiration of ten days after its passage, and under § 33 the mayor's approval is not required for any measure.

amended by St. 1947, c. 298, § 1) that an ordinance increasing salaries be in effect for three months during the then current financial year was obviously designed to prevent city councils (see Boston College Law School 1955, Ann. Surv. of Mass. Law, p. 199)[5] from imposing in one year upon the taxpayers of later years the burden of salary increases not to take effect until these later years. The form of the 1947 revision of this sentence suggests also that it was designed to make each council take immediate responsibility in the year of council action for some of the fiscal and tax burden of any salary increases voted by it. For the legislative history, see 1947 House Docs. Nos. 410 (at pp. 6–7, 19), 1858, 1988; 1947 House Journal, p. 932. See also *Clements* v. *Treasurer of Cambridge*, 324 Mass. 73, 74. Cf. *Rock* v. *Pittsfield*, 316 Mass. 348, 350–351, decided prior to the 1947 amendment.

The city council's acceptance of § 47E in September, 1957, would make the section applicable as statute law to Lawrence for three months in 1957, but, as already stated, it would have no practical effect by way of requiring expenditure until July 1, 1958. We assume that this type of salary increase would have had precisely the substantive effect which § 33A, as amended, seems designed to prevent, viz. the enactment by a city council in one financial year of a salary increase to have no effect by way of expenditure in that year, but requiring expenditures in later years. Section 47E and § 33A, however, when read together, indicate to us that the Legislature, if it considered the matter at all, did not effectively provide that the prohibitions of § 33A were to be applicable to an acceptance of § 47E by a city council.

We need not decide whether the second sentence of § 33A, because of its use of the word "ordinance," is too narrow to apply to a city council vote accepting a statute like § 47E.

[5] The 1955 amendment, permitting the enactment, in December of a non-election year, of an ordinance increasing salaries effective as of the next January 1, is obviously not applicable here, for the vote of September 16, 1957, was not in December and the first pay increases under it were not to be paid until July 1, 1958.

There may be occasions where a Legislature uses the word "ordinance" as referring to any legislative action of a city council (see McQuillin, Municipal Corporations [3d ed.] §§ 15.01–15.08) as opposed to action purely executive. Cf. *McMinn* v. *Mayor of Cambridge,* 225 Mass. 104, 106; *Dooling* v. *City Council of Fitchburg,* 242 Mass. 599, 601– 602. Cf. also *Gorman* v. *Peabody,* 312 Mass. 560, 562–569, where G. L. c. 43, § 37 (defining "measure" for the purposes of § 37 et seq.), was involved, which gives "ordinance" perhaps a narrower meaning. Here, however, even if the term "ordinance," as used in § 33A, did include a vote like that of September 16, 1957, the fact that under § 47E such a vote could be adopted by a simple majority of the council is persuasive that the restrictions of § 33A were not to apply. Section 33A requires a two-thirds vote of the city council for salary increases. If any of the provisions of § 33A were to be made applicable to an acceptance of § 47E, it would have been natural for the Legislature either to make all of them applicable or to specify those which were to be applicable, if only some of them were to be applicable. The express provision in § 47E for a majority vote leads us to conclude that no provisions of § 33A were made applicable.

3. A decree is to be entered declaring (a) that the provisions of § 47E were accepted by the vote of the city council, effective September 26, 1957, and that this vote was not rescinded by the vote of January 13, 1958; and (b) that as of July 1, 1958, the initial step rate increase shown in the compensation plan established under § 47D is to be paid to each employee of the welfare department who had, after September 26, 1957, and on or before July 1, 1958, an anniversary of the date of such employee's first receiving the minimum salary shown in such compensation plan for the position which such employee holds. The facts shown in the record are insufficient to enable this court to determine what the rights of either plaintiff will be under the principles just stated. If further declarations of rights are required, they are to be made after determination of the rele-

vant facts in the Superior Court. The plaintiffs are to have costs of this appeal. Costs in the Superior Court are to be in the discretion of that court.

*So ordered.*