EDWARD C. DONNÉLLY, JUNIOR, & another, trustees, *vs.* DOVER-SHERBORN REGIONAL SCHOOL DISTRICT & others.

Norfolk.    October 4, 1960. — December 5, 1960.

Present: SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Statute,* Acceptance. *Municipal Corporations,* Town meeting, Validation of municipal action, Legislative power over municipality. *Dover. Sherborn.*

The provision of St. 1960, c. 144, § 4, that the "notices provided in warrants for the [1960 annual] town meetings of Dover and Sherborn are hereby validated and any action taken by the towns . . . shall be as valid and effective as if this act were in effect at the time when the warrants . . . were issued" was within the power of the Legislature, so that any defects in the notices of warrants for the Dover meeting issued before the effective date of the statute did not preclude action at that meeting accepting the statute and thereby, with like action in Sherborn, validating under § 1 of the statute the "proceedings taken" before passage of the statute "relating to the organization of the Dover-Sherborn Regional School District." [500–501]

Votes of Dover and Sherborn at their respective annual town meetings in 1960 accepting St. 1960, c. 144, relating to a regional school district, were not invalidated by the circumstance that the statute became effective only three days before the day of the town meetings. [501]

BILL IN EQUITY, filed in the Superior Court on July 5, 1960. The suit was reported without decision by *Cahill,* J.

*Gerald May, (William H. McBain & Arthur F. Flaherty* with him,) for the plaintiffs.

*Theodore Chase, (Eric Verrill* with him,) for the defendants.

WHITTEMORE, J.   The plaintiffs seek a determination of the invalidity of an order of taking of June 7, 1960, adopted by the Dover-Sherborn Regional District School Committee purporting to take land of the plaintiffs in Dover, and a reconveyance of the land.   The case was reported without decision by a judge of the Superior Court upon the amended bill, the answer, and an "Agreement as to all Material Facts."

At town meetings in the towns of Dover and Sherborn in 1953, the voters accepted the provisions of G. L. c. 71, §§ 16–16 I, for the establishment of a school district.   The two towns also agreed on a plan (see G. L. c. 71, §§ 14–15) which included a method of procedure for withdrawing from the district.

On July 14, 1953, the town of Sherborn voted to rescind the acceptance of the provisions of G. L. c. 71, §§ 16–16 I. On August 11, 1953, it voted, in accordance with the provisions of the plan, to withdraw from the district at "the conclusion . . . of an academic year after expiration of one year from giving . . . notice," that is, as the parties agree, at the end of the academic year in 1955.   On May 2, 1955, March 12, 1956, and March 11, 1957, Sherborn voted to postpone the effective date of the withdrawal (by the 1957 vote) to May 31, 1962.   Dover on March 8, 1954, appropriated $408.49 for the regional school district and at each annual meeting, 1954 to 1960 inclusive, except 1955, elected a member of the regional district school committee.

At the annual meetings of the two towns held on March 7, 1960, St. 1960, c. 144, entitled "An Act relating to the Dover-Sherborn Regional School District and validating proceedings relating thereto" was accepted by the voters. It is agreed that the original of the warrant for the Dover town meeting dated February 3, 1960, and the supplemental warrant dated February 19, 1960, bearing the names of the

three selectmen, were not in fact signed until February 24, when they were signed by two of the three selectmen.

Statute 1960, c. 144, was enacted March 3, 1960, and is as follows: "Section 1. The proceedings taken before the date of passage of this act relating to the organization of the Dover-Sherborn Regional School District, including the proceedings of the member towns relating to such organization, are hereby validated, and said district is hereby declared to be, and at all times since its organization to have been, a valid district with all the rights, powers and duties of districts duly organized under section fifteen of chapter seventy-one of the General Laws. Section 2. The Dover-Sherborn regional district school committee is authorized to propose modifications of the agreement establishing the district for inclusion in the warrants for the town meetings considering the acceptance of this act, or in the warrants for any prior or subsequent town meetings and such modifications shall become effective upon approval by the said towns, subject to prior or subsequent acceptance of this act. Section 3. This act shall be submitted for acceptance to the registered voters of the towns of Dover and Sherborn at the annual town meetings of each of said towns to be held in the current year in the form of the following question which shall be placed on the official ballot to be used for the election of town officers in said towns in the form of the following question:—'Shall an act passed by the General Court in the year nineteen hundred and sixty, entitled "An Act relating to the Dover-Sherborn Regional School District and validating proceedings relating thereto," be accepted?' If a majority of the votes in answer to said question is in the affirmative in each of said towns then this act shall thereupon take full effect, but not otherwise. A vote of the town of Sherborn accepting this act shall be deemed to rescind its vote to withdraw from the district. Section 4. The notices provided in warrants for the town meetings of Dover and Sherborn are hereby validated and any action taken by the towns of Dover and Sherborn at their annual town meetings in the current year shall be as valid and

effective as if this act were in effect at the time when the warrants for such annual meetings were issued. Section 5. Sections two, three and four of this act shall take effect upon its passage."

We hold that St. 1960, c. 144, duly accepted by the voters of Sherborn and Dover, has put at rest the doubts relied on by the plaintiffs in respect of the existence and authority of the Dover-Sherborn Regional School District.

Perhaps the vote in Sherborn, which, under the last sentence of § 3 of the validating statute, effectively rescinded Sherborn's withdrawal,[1] was enough by itself, construed in the light of Dover's action and inaction over a long period ending with the meeting of March 7, 1960. Dover, except in 1955, appears to have been steadily affirming the existence of the district and the vote of March 7, 1960, even if invalid, spoke that way. The provision for withdrawal of one town, under a statute which contemplates that more than two towns may be in the district (G. L. c. 71, §§ 14–15), does not necessarily contemplate that the district ceases corporate existence upon the withdrawal of one town. We do not, however, decide the significance of Sherborn's vote apart from Dover's, for it is our view that the vote in Dover was valid.

We do not pause to determine in what circumstances, if ever, there may be shown the invalidity of a meeting which appears of record to have been duly called pursuant to a duly returned warrant bearing, when returned, the signatures of the selectmen, and duly held. See *Saxton* v. *Nimms*, 14 Mass. 315, 320–321; *Halleck* v. *Boylston*, 117 Mass. 469, 470; *Carbone, Inc.* v. *Kelly*, 289 Mass. 602, 605. See, as to presumption of valid action, *Houghton* v. *Davenport*, 23 Pick. 235, 240; *Coleman* v. *Louison*, 296 Mass. 210, 214. Compare *Reynolds* v. *New Salem*, 6 Met. 340, 343, where the record showed the signature of only one selectman.

---

[1] As to the ineffectiveness of the vote in Sherborn on July 14, 1953, to rescind the acceptance of G. L. c. 71, §§16–16 I, see G. L. c. 71, § 14B (f); *Brucato* v. *Lawrence*, 338 Mass. 612, 615–616; *Braintree Water Supply Co.* v. *Braintree*, 146 Mass. 482, 486–487; St. 1952, c. 223.

Statute 1960, c. 144, § 4, in our view, validated all the action taken at the Dover meeting on the notice given in the warrants, even if that notice was not otherwise sufficient. The bill first introduced (1960 House Doc. No. 1282) provided in § 4 as follows: "Section one of this act may be accepted at the annual town meetings of the towns of Dover and Sherborn held in nineteen hundred and sixty and amendments of the agreement establishing the district may be approved at such meetings, provided this act has been passed prior to such meetings and provided notice of the subject matter has been included in the warrants therefor, without regard to whether this act has been passed prior to the issue or service of the warrants." In this form the section appears to have been addressed to overcoming the objection that the statute had not been adopted at the time of the warrants. See *Locke* v. *Selectmen of Lexington,* 122 Mass. 290. The warrants referred to an act to be passed. On February 29, 1960, a substituted bill with § 4 in its final form was enacted in the House. The change speaks of an intent to broaden the validation. We do not know that the possible defect in the warrants had been thought of at that time. But that is unimportant. Section 4 reads as a general validation of the notices of the meetings and the legislative history, so far as relevant, confirms that reading. Such validation was in the power of the Legislature. *Gray* v. *Salem,* 271 Mass. 495. *Commonwealth* v. *Hudson,* 315 Mass. 335, 344–345. *Atherton* v. *Selectmen of Bourne,* 337 Mass. 250, 255–256.

The votes of the respective towns are not invalidated by the circumstance that St. 1960, c. 144, gave the towns only three days' notice of the statute to be adopted. The Legislature could specify such action of the town or its voters as it deemed advisable, or no action, as a condition of the taking effect of the act. *Stone* v. *Charlestown,* 114 Mass. 214, 222. *Sampson* v. *Treasurer & Receiver Gen.* 282 Mass. 119, 123. *Robinson* v. *Selectmen of Watertown,* 336 Mass. 537, 546. *Brucato* v. *Lawrence,* 338 Mass. 612, 615. Compare *Locke* v. *Selectmen of Lexington,* 122 Mass. 290; *Fitz-*

*gerald* v. *Selectmen of Braintree,* 296 Mass. 362. In the *Locke* case, *supra,* the statute provided that it be accepted at a "legal meeting" and the meeting was illegal for that purpose under the by-laws and the warrant. There is no question of unconstitutional action or impairment of vested private rights. *Gray* v. *Salem,* 271 Mass. 495. Compare *Campbell* v. *Boston,* 290 Mass. 427, 430–431.

For other recent statutes validating action in respect of regional school districts see St. 1959, c. 231; St. 1959, c. 393.

A decree is to enter adjudging the order of taking to be valid.

*So ordered.*