JOHN B. PALMER *vs.* BOARD OF SELECTMEN OF MARBLEHEAD &
others.[1]   May 8, 1974.   This petition for a writ of mandamus is
brought by a "regular full-time member" of the police department of
the town of Marblehead (town) to compel the respondents to take
certain steps necessary for granting him, "as a reward for furthering
. . . [his] education in the field of police work," a "career incentive
base salary increase" pursuant to G. L. c. 41, § 108L, inserted by
St. 1970, c. 835. The case was heard upon a statement of agreed facts
which the trial judge adopted as his "Findings of Fact" and which dis-
closes that the petitioner became a "permanent intermittant" (*sic*)
member of the town police department in 1968, received a bachelor
of science degree in accounting from Bentley College in 1969 after
completing a four year course of study, and on April 14, 1971, became
a "regular full-time" police officer.   The respondents have appealed
from the trial judge's order that a writ of mandamus issue.   We
reverse because we do not believe that G. L. c. 41, § 108L,[2] the ap-
parent purpose of which is to offer full-time policemen an incentive for
"*furthering* their education" (emphasis supplied), requires the
respondents to grant a salary increase to the petitioner for education
received by him prior to his becoming a "full-time" police officer.   In
our view "furthering" one's education necessarily implies obtaining
education additonal to that which one already has, and therefore a
full-time police officer must, in order to "further" his education
within the meaning of § 108L, obtain education additional to that
which he had when he became a full-time police officer.   Incen-
tives are offered to encourage future conduct, not to compensate past
accomplishment.   We also note that the petitioner received his
bachelor of science degree before the town's acceptance of § 108L
and that statutes such as § 108L affecting substantive rights are
construed to operate prospectively only unless the Legislature clearly
indicates a contrary intent, which it did not in § 108L.   See *Brucato*

---

[1] The chief of police and the town accountant of Marblehead.

[2] For the legislative history of § 108L see 1970 House Doc. Nos. 328, 332, 909,
1645, 5851, and 5882, and 1970 Senate Doc. No. 1599. Also see St. 1973, c. 369,
amending § 108L in a manner not material to the present case.

v. *Lawrence,* 338 Mass. 612, 617 (1959). The order that the writ issue is reversed. An order is to enter in the Superior Court dismissing the petition.

*So ordered.*

*Paul L. Lausier,* Town Counsel, for the respondents.
*John N. Nestor* for the petitioner.