WILLIAM JENKIN, individually, & others vs. CITY OF MEDFORD
& others.[1]

Middlesex. January 10, 1980. — March 10, 1980.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, LIACOS, & ABRAMS, JJ.

*Statute,* Acceptance. *Municipal Corporations,* Municipal finance.

In an action seeking a declaration that the defendant city had accepted
the provisions of G. L. c. 32B, § 7A, there was no merit to the plain-
tiffs' contention that the city council, in approving a budget which in-
creased the city's share of group insurance premiums for some em-
ployees to an amount in excess of 50 % of the premiums, had impliedly
accepted the provisions of § 7A; a specific vote of the city council
directed explicitly toward the adoption of the provisions of § 7A was
required for its acceptance. [126-127]

CIVIL ACTION commenced in the Superior Court Depart-
ment on July 13, 1978.

The case was heard by *Mitchell,* J.

The Supreme Judicial Court granted a request for direct
appellate review.

*Mark G. Kaplan* for the plaintiffs.

*Robert Blumsack* for the defendants.

HENNESSEY, C.J. The plaintiffs sought in the Superior
Court a declaratory judgment that the defendant city had
accepted the provisions of G. L. c. 32B, § 7A, which per-
mits a municipality to contribute more than 50% toward
group insurance premiums for its employees.[2] Further, the

---

[1] The other defendants are the Medford city manager, the mayor, the
city council, and the school committee.

[2] General Laws c. 32B, § 7, as amended through St. 1965, c. 841, reads
as follows: "(a) With respect to any period of insurance which is in effect
for an active or retired employee and dependent there shall be withheld
from each payment of salary, wages, other compensation, pension or re-
tirement allowance, subject to the provisions of section nine A, fifty per

plaintiffs, as school department employees,[3] in reliance on the provision in § 7A that all municipal employees must be treated alike as to the payment of such premiums, sought a judgment ordering compensation for them on the ground that they had been treated less favorably than other city employees.

A Superior Court judge entered a judgment denying relief to the plaintiffs and declaring in substance that the city had not accepted § 7A, and therefore it could not legally pay more than 50% of such premium costs. We granted a motion for direct appellate review. There was no error.

General Laws c. 32B, § 7, mandates that 50% of the group insurance premiums of its employees shall be paid by a municipality. However, if a municipality accepts c. 32B, § 7A, it may, by the terms of that statute, agree to contribute in excess of 50% of the insurance premiums for its employees, provided it treats all its employees alike in that regard.

Clearly, the legislative body of the defendant city, its city council, never voted to adopt the provisions of § 7A. Nevertheless, the city manager agreed, in collective bargaining

cent of the premium for the insurance of the employee and his dependents and the governmental unit shall contribute the remaining fifty per cent of such premium. The governmental unit shall also contribute fifty per cent of any additional premium which may be required for coverage of an employee's dependent child who is nineteen years of age or over and mentally or physically incapable of earning his own living."

General Laws c. 32B, § 7A, as amended through St. 1973, c. 789, § 1, reads as follows: "A governmental unit which has accepted the provisions of section ten and which accepts the provisions of this section may, as a part of the total monthly cost of contracts of insurance authorized by sections three and eleven C, with contributions as required by section seven, make payment of a subsidiary or additional rate which may be lower or higher than a premium determined by the governmental unit to be paid by the insured, the combination of which shall result in the governmental unit making payment of more, but not less, than fifty per cent of the total monthly cost for such insurance. No governmental unit, however, shall provide different subsidiary or additional rates to any group or class within that unit."

[3] The plaintiffs appear as school department employees and as representatives of certain associations of school department employees. Their standing in either capacity is not challenged by the city.

negotiations in 1976, to begin paying 60% of the insurance premiums for nonschool department employees of the city who were covered by collective bargaining contracts. This contribution was subsequently extended to all nonschool department employees. On September 29, 1976, a special meeting of the Medford city council was called for the purpose of considering "a supplementary budget request submitted by the City Manager of $902,530.00." This supplementary budget, as approved by the council, was stated by the manager to represent "cost of living adjustments . . . *as well as an estimated increase in the city's share of Blue Cross-Blue Shield premiums*" (emphasis supplied).

The plaintiffs argue that the city council had, by virtue of its approval of the supplementary budget, impliedly accepted § 7A, with the consequence that it was then, by reason of its discriminatory treatment of the school department employees, in violation of the provision in that section that all employees be treated alike. They urge that the city must now be required to equalize the plaintiffs' compensation with that of all other city employees, retroactive to September 29, 1976, the date the supplementary budget was approved.

The plaintiffs' argument fails. Local option legislation cannot be accepted by a municipality where there has been no vote on the specific issue. General Laws c. 4, § 4, as appearing in St. 1977, c. 870, § 1, provides, in pertinent part: "Wherever a statute is to take effect upon its acceptance by a city, . . . or is to be effective in cities, . . . accepting its provisions, such acceptance shall, except as otherwise provided in such statute, be, in a city, by vote of the city council . . . ." We think a specific vote of the city council directed explicitly toward the adoption of the provisions of § 7A was required for its acceptance. See *Brucato* v. *Lawrence,* 338 Mass. 612, 614-615 (1959). Indeed, c. 32B, § 7A (*d*), itself sets out in detail the procedure for acceptance of the statute by various governmental bodies, making it clear that the Legislature intended the section to be accepted only by a majority vote of the city council acting upon a specific mo-

tion.[4]  The plaintiffs are not aided by their further argument that the city must have accepted the statute, or else the premium payments of more than 50% which benefited some employees have been in violation of G. L. c. 32B.  This is a bootstrapping argument.  The fact that there were contributions which would have been excessive and improper had the city failed to accept § 7A does not, without more, establish that § 7A must have been accepted.  The simple fact is that all contributions by the city in excess of 50% have been in violation of the statute.

*Judgment affirmed.*

---

[4] Section 7A (*d*), as amended by St. 1972, c. 641, in material part, reads as follows:  "This section shall take effect . . . in a city having a Plan D or Plan E charter by majority vote of its city council; in any other city by vote of its city council, approved by the mayor . . . ."