LINN COUNTY v. HEWITT ET AL.

1. **Highways:** WIDTH OF: CONSTRUCTION OF STATUTE. Section 1, of chapter 32, Laws of 1880, granting the right to construct street railways on any highway of the width of one hundred feet or more, must be interpreted as authorizing highways of greater width than sixty-six feet.

2. **Practice:** INJUNCTION: ENABLING ACT PENDING APPEAL. The judgment of a court refusing an injunction, though erroneous when made, will not be interfered with on appeal when the act sought to be enjoined has been authorized by the legislature between the time the judgment was rendered and the hearing of the appeal.

*Appeal from Linn District Court.*

THURSDAY, MARCH 24.

THE plaintiff presented its petition to the judge of the Linn District Court praying for an injunction to restrain the defendants from constructing a railroad, to be operated by horse power and steam power, upon and along a public highway between Cedar Rapids and Marion. Upon consideration of

the petition, answer thereto and affidavits filed by both parties, the district judge refused to allow the injunction; from this decision plaintiff appeals.

*Hubbard & Clark*, for appellant.

*J. B. Young*, for appellees.

BECK, J.—I. The petition alleges that defendants are engaged in the construction of a railway, to be operated by horse and steam power, along a public highway between Cedar Rapids and Marion, known as the Boulevard, and that if they be permitted to accomplish their purpose by completing the railway it will be an obstruction to public travel and entirely destroy the highway, thus becoming a nuisance which will work irreparable injury to plaintiff. It is also alleged that defendants are prosecuting their designs without the assent of plaintiff, and without the authority of law. The answer alleges that the Boulevard upon which the railway is being constructed by a street railway company is one hundred and twenty feet wide, and that the track is laid and to be laid upon the south side thereof. It is denied that the railway will obstruct or interfere with travel upon the highway, and is or will become a nuisance, and averred that it will become a great public convenience.

Affidavits were filed by plaintiff supporting the allegations of the petition, and the defendants supported the averments of their answer in the same manner. It is shown in this way that the railway track occupies and is to occupy " the extreme south side of the public highway," and the answer alleges that it is eight feet wide.

II. Plaintiff insists that the occupation of a public highway by a railroad track, in the absence of express statutory permission, is a public nuisance which the courts will abate and restrain; that since the amendment of Code, section 1262, by chapter 47, acts Fifteenth General Assembly, no such permission is given by law; that injunction is a proper remedy

to restrain a nuisance caused by the destruction or obstruction of a public highway, and that such remedy may be pursued by the county. These and one or two other propositions are discussed by counsel of the respective parties in their printed briefs, and were considered in the oral argument at bar. We find it unnecessary to determine the questions thus presented, as the cause must be disposed of upon another ground, which we will now proceed to consider.

III. Acts Eighteenth General Assembly, chapter 32, section 1, provides "that any street railway company now or hereafter organized under the laws of this State to operate a street railway in any city or incorporated town in this State, for the purpose of extending its railway beyond the limits of such city or town may locate, build and operate, either by animal or motor power, its road over and along any portion of a highway which is of the width of one hundred feet or more." See Miller's Code, p. 364.

1. HIGHWAY: width of: construction of statute.

The application for the injunction was refused before this act took effect, March 16, 1880, but counsel for plaintiff concede " that if it clearly appears that defendants are within its provisions, this court will not disturb the action of the court below, although erroneous at the time the injunction was refused." Counsel, however, deny that defendants show themselves to be within the provisions of the act. They base their position upon this ground: Prior to this statute no highway could be more than sixty-six feet wide; the highway in question, therefore, was confined to that width; let this be admitted. The answer and affidavits show that the Boulevard is one hundred and twenty feet wide, and that the railroad track is of the width of eight feet, and is laid upon the extreme south side of the highway. It is shown that the highway is graded to the width of sixty feet. If the railroad track is outside the sixty-six feet in width, then it was not, when the injunction was refused, upon the public highway, according to counsel's views. If this be so, plaintiff has no

ground of complaint, for it cannot claim that a nuisance was committed upon the public highway. But if the railroad track is upon the sixty-six feet in width constituting the highway, then does counsel's objection again fail. It is based upon the thought that the track is within the limits of a legally established highway, and it was not competent to extend its width. But the statute above quoted contemplates the existence of highways of one hundred feet or more. Unless such highways may exist the act would be inoperative; it must, therefore, be interpreted as authorizing them. The Boulevard as a highway of one hundred and twenty feet in width is, therefore, legalized by the act above quoted, which also legalizes the railroad constructed along it. The answer and affidavits show that the Boulevard is more than one hundred feet wide, and that a street railway company is about to build a railway upon it. This is clearly within the provision of the statute, and is, therefore, lawful. The decision of the District Court refusing the injunction is

AFFIRMED.