NEWTON RUBBER WORKS *vs.* WILLIAM B. DE LAS CASAS & others, INTERNATIONAL AUTOMOBILE AND VEHICLE COMPANY, petitioner.

Middlesex.    January 16, 1908. — March 2, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Practice, Civil,* Proceedings for contempt. *Contempt of Court. Metropolitan Park Commission.*

The questions whether proceedings for contempt of a decree of court can be brought before this court by an appeal from an order dismissing a petition to punish the respondent for contempt or by exceptions to the refusal of requests for rulings at the hearing on such a petition, here were not passed upon, as the court assumed for the purposes of decision that the questions raised by such an appeal and exceptions were properly before them.

By a final decree of the Superior Court in accordance with the decision of *Newton Rubber Works* v. *de las Casas*, 182 Mass. 436, the metropolitan park commissioners were enjoined from maintaining a dam to divert the waters of the Charles River from its east branch and from obstructing the free and natural

flow of water down such east branch. After the entry of this decree, St. 1903, c. 391, was enacted giving the commissioners authority to construct new bridges and dams and providing for the payment of damages sustained by any person from the exercise of the powers conferred by the act. Under authority of this act and in conformity with its terms the commissioners constructed a dam across the east branch of the Charles River at or near the position of the former dam enjoined by the decree, causing damage to the property of the corporation to which the decree was granted. Upon a petition to punish the commissioners for contempt of the decree, it was *held*, that the commissioners, acting under new powers and within the provisions of the statute conferring those powers, were not in contempt of court.

KNOWLTON, C. J.  On March 5, 1903, a final decree was entered in favor of the plaintiff against the defendants in this case, in accordance with the decision in 182 Mass. 436.  The defendants were enjoined from maintaining a dam, or other obstruction on the stream, to the injury of the plaintiff's property on the east branch of the Charles River.  The present petitioner, the International Automobile and Vehicle Tire Company, succeeded to the rights of the original plaintiff, and was admitted as a party to the suit.  The petition before us is for punishment of the respondents for contempt of court because of their construction of a dam across the east branch of the Charles River, at or near the position of the former one, which causes damage to the petitioner's property.  The fact alleged is established by the findings of the court, and the principal question arises upon the defence set up under the St. 1903, c. 391, enacted after the decree was entered.  From an order denying the application the petitioner appealed to this court, and it also filed a bill of exceptions to the rulings and refusals to rule at the hearing.  Such questions are usually presented by a report, or, if a criminal contempt is alleged, by a writ of error.  *Heywood* v. *Miner*, 102 Mass. 466.  *Winslow* v. *Nayson*, 113 Mass. 411. *Stuart* v. *Stuart*, 123 Mass. 370.  *Telegram Newspaper Co.* v. *Commonwealth*, 172 Mass. 294.  *Hurley* v. *Commonwealth*, 188 Mass. 443.  *Globe Newspaper Co.* v. *Commonwealth*, 188 Mass. 449.

We need not determine finally whether exceptions or an appeal properly can be taken in a case of this kind, for, if we assume in favor of the petitioner that the questions raised are properly before us, we are of opinion that the decision of the Superior Court must stand.  The statute just cited was new

legislation, giving the respondents new rights. They aver in their answer that, in their subsequent conduct, they were acting under the authority of the statute. The findings and rulings and decision of the court must be taken as establishing their contention that what they did was within the statute. The statute authorizes them " to build such new bridges, culverts, dams and other incidental structures as they may deem necessary to provide for said highways and for maintaining a proper water level in said river, and for regulating the flow and the use of the waters of the river and the use of the shores of the river as a part of the metropolitan park system." Section 6 provides for the payment of damages sustained by any person from the exercise of the powers conferred by the act.

This statute, enacted after the entry of the decree, gave the respondents ample authority to do all that they are alleged to have done. The question is presented, whether, acting under new legislative authority, they can be found guilty of contempt of court because what they did had been enjoined by a decree made before there was any law permitting such action. We are of opinion that they cannot. After the passage of the statute they could act under it if they kept within its provisions. If the effect of the statute was doubtful, or if they chose to do so for any reason, they properly might bring a bill of review, as was done in *Sawyer* v. *Davis*, 136 Mass. 239, to have the decree vacated. But this was unnecessary. For, if they acted in good faith, understanding that the effect of the new law was to give them authority which would relieve them from the restraint of the decree, and if in fact the statute gave them such authority, there would be no ground for holding them guilty of wilful disobedience in contempt of the court.

This subject was carefully considered in *Pennsylvania* v. *Wheeling & Belmont Bridge Co.* 18 How. 421, and a decision was made which fairly covers the present case. This decision, although at first agreed to by only a majority of the court, has since been recognized and approved repeatedly. *Railroad Co.* v. *Fuller*, 17 Wall. 560, 569. *Stockdale* v. *Insurance Companies*, 20 Wall. 323. *Mills* v. *Green*, 159 U. S. 651, 655. *The Clinton Bridge*, 10 Wall. 454. See also to the same point, *Linn County* v. *Hewitt*, 55 Iowa, 505.

Questions that may arise as to the application of the provision for the assessment of damages do not affect the validity of the provision, or its sufficiency for the protection of those whose property is diminished in value.

*Exceptions overruled ; decree as ordered.*

The case was submitted on briefs.

*C. C. Read & G. L. Clarke,* for the petitioner.

*D. Malone,* Attorney General, *& J. F. Curtis,* Assistant Attorney General, for the respondents.