TOWNSHIP OF AVON *v.* DETROIT UNITED RAILWAY.

CONTEMPT—INJUNCTION—VIOLATION—STATUTES.

On certiorari to review an order of the court below holding officials of an interurban railway company guilty of contempt for putting into effect a schedule of rates authorized by Act No. 382, Pub. Acts 1919, passed subsequent to the

issuance of an injunction restraining said railway company and its agents from charging the rates fixed by the interstate commerce commission because in excess of the rates fixed in its franchise contract, said order must be set aside and held for naught, since said statute gave them ample authority to do what they are alleged to have done.

Certiorari to Oakland; Rockwell (Kleber P.), J. Submitted April 8, 1920. (Docket No. 29.) Decided June 7, 1920.

Bill by the township of Avon and others against the Detroit United Railway to enjoin the collection of illegal rates. From an order adjudging defendant's agents guilty of contempt, defendant brings certiorari. Reversed, and order vacated.

*Bernard F. Weadock* (*James H. Lynch* and *Donnelly, Hally, Lyster & Munro*, of counsel), for appellant.

*Glenn C. Gillespie,* Prosecuting Attorney, for appellees.

On August 9, 1918, the defendant company, operating an interurban railway from Detroit to Pontiac and Flint, filed an application with the interstate commerce commission at Washington, requesting authority to file tariffs to fix the rates of fare for the carriage of passengers upon its lines of railway. This application was granted August 23, 1918. The interstate commerce commission's order authorized the filing of tariffs showing a two-cent per mile rate. Such tariffs became effective October 1, 1918.

On September 11th, several townships in Oakland county, including plaintiff township, filed their bill of complaint against the defendant, praying for a temporary injunction restraining it from charging or at-

tempting to charge the rate fixed by the interstate commerce commission, that rate being different from and higher than the several franchise contract rates between the townships and the defendant. A temporary injunction was granted. On October 21, 1918, defendant filed its answer and moved for a dissolution of the injunction and to dismiss the bill. This motion was denied on December 27, 1918.

The rate provided in the interstate commerce commission's order was never placed in effect by the defendant because of the pendency of the injunction.

The legislature of 1919 passed Act No. 382, Pub. Acts 1919. This act has lately received construction by this court in the case of *Attorney General* v. *Railway*, 210 Mich. 227. By such construction it was held that the defendant corporation had the right, under its terms, to disregard the franchise contract rates and to collect the rates provided in said act. The act became effective August 13, 1919, and on August 14, 1919, defendant attempted to put into effect the rates provided for in such act, whereupon the various executive officers of the defendant company were cited for contempt before the circuit judge who had issued the restraining order. Upon the hearing in contempt proceedings, it was made to appear that the rates which defendant sought to place in effect were those provided for in Act No. 382 of the Public Acts of 1919. Nevertheless, the court adjudged the several agents of defendant guilty of contempt of court and ordered them into the custody of the sheriff, to be confined until such time as they should direct a change in the tariffs then in effect. Thereupon, the defendant obtained a writ of certiorari for the purpose of reviewing said order.

BROOKE, J. (*after stating the facts*). We are of the opinion that the order must be set aside and held for naught. The case is, in principle, exactly like

that of the *State of Pennsylvania* v. *Bridge Co.*, 18 How. (U. S.) 421.   In that case the Supreme Court of the United States had issued an injunction restraining the defendant company from constructing a bridge over the Ohio river.   Subsequent to the issuance of the injunction, the congress had authorized the construction of the identical bridge complained of in the injunction suit.   On a hearing in contempt proceedings based upon the disobedience of the injunction by the defendant company, the court, in its majority opinion, said:

"A majority of the court are of opinion, inasmuch as we have arrived at the conclusion that the act of congress afforded full authority to the defendants to reconstruct the bridge, and the decree directing its alteration or abatement could not, therefore, be carried into execution after the enactment of this law, and inasmuch as the granting of an attachment for the disobedience is a question resting in the discretion of the court, that, under all the circumstances of the case, the motion should be denied."

And in the minority opinion it was said:

"The court may properly consider, if they are not bound to do so, that the defendants, in making application to congress, and in procuring the passage of the act, as having acted in good faith.   And although the law, if it has been passed in violation of the Constitution, cannot be held valid, yet it may save the defendants from the contempt charged.   On its face, it gave to the bridge company all that it could desire or ask against the decree of this court.   It legalized what the court held to be illegal."

See, also, *The Clinton Bridge,* 10 Wall. (U. S.) 454; *Bartholomew* v. *Town of Harwinton,* 33 Conn. 408; *Newton Rubber Works* v. *De Las Casas,* 198 Mass. 156 (84 N. E. 119).

On August 14, 1919, the defendant, through its responsible officers, attempted to comply with the terms

of Act No. 382. Under the authorities cited they could not be held guilty of contempt in so complying, as the statute, enacted after the issuance of the injunction, gave them ample authority to do all that they are alleged to have done.

The order holding the agents of defendant guilty of contempt is set aside and vacated.

MOORE, C. J., and STEERE, STONE, CLARK, and SHARPE, JJ., concurred with BROOKE, J.

BIRD, J. In view of the conclusion of this court in *Attorney General* v. *Railway*, 210 Mich. 227, I concur in the result reached herein.

FELLOWS, J., concurred with BIRD, J.