RALEIGH COSTA & others *vs*. BOARD OF SELECTMEN
OF FALMOUTH & another.[1]

Barnstable.    January 16, 1975. — February 11, 1975.

Present: ROSE, GRANT, & ARMSTRONG, JJ.

*Municipal Corporations*, Group insurance.

This court did not decide whether a town could legally have refused
to appropriate funds to implement G. L. c. 32B, § 11F, relating to
disability income insurance for public employees, where after an
order denying a petition to compel such an appropriation was en-
tered in the trial court, c. 32B, §§ 3 and 11F, were amended, man-
dating such appropriations. [58-59]

PETITION for a writ of mandamus filed in the Superior
Court on August 3, 1973.

The case was heard by *Hallisey, J.*

*James R. McMahon, Jr., & Daniel M. Blackmon* for the
petitioners.

*Francis W. Keating & Edward W. Farrell* for the Board
of Selectmen of Falmouth & another.

HALE, C. J.    The petitioners, employees of the town of
Falmouth (town),[2] appeal from an order of the Superior
Court denying a petition for a writ of mandamus. The peti-
tioners allege that the failure of the town meeting to ap-
propriate any monies to be used by the town for imple-
mentation of G. L. c. 32B, § 11F, as appearing in St. 1971,
c. 203, § 2, which had been accepted pursuant to the re-
quirements of that section by the voters of the town on
March 14, 1972, was illegal, and they pray for an order

---

[1] Town of Falmouth.

[2] The petitioners constituted the advisory committee on insurance
for town employees provided for in G. L. c. 32B, § 3.

mandating the appropriation. We vacate the order denying the petition and remand the case.

General Laws c. 32B, § 11F, relating to disability income insurance for public employees for nonoccupational injury or disease, is one of a series of sections added recently to the General Laws that provide for insurance benefits to public employees additional to the basic coverage provided under G. L. c. 32B, § 3, upon acceptance of the particular sections by a municipality. Section 11F, prior to its amendment by St. 1973, c. 789, § 9, provided in pertinent part that upon acceptance, "[T]he appropriate public authority of the governmental unit may[3] negotiate . . . and purchase on such terms as it deems to be in the best interest of the governmental unit and its employees a policy or policies of group disability income insurance covering nonoccupational injury or disease. . . . The appropriate public authority may execute policies or contracts for said disability income insurance for a period not exceeding five years. . . ."

We need not now decide whether, at the time the present dispute arose, the town meeting could legally have acted as it did in refusing to appropriate the necessary funds, as that issue has been resolved by the amendment to G. L. c. 32B, § 3, which was effected by St. 1974, c. 721,[4] and which took effect after the order was entered in this case. Furthermore, the relief sought must necessarily be prospective only, as no policy of insurance could now be obtained which would afford retroactive coverage of the town's employees. The town is bound by this statutory change. See generally *City Council of Waltham* v. *Vinciullo,* 364 Mass. 624, 625-629 (1974). It is now the duty of the selectmen under the

---

[3] Section 11F now provides, in pertinent part, that the appropriate public authority "*shall* negotiate with one or more insurance companies and purchase . . . (emphasis supplied)."

[4] This statute was approved August 5, 1974, and reads in pertinent part: "If a town . . . having accepted the provisions of section ten accepts any other section of this chapter but fails to appropriate the funds necessary to implement said provisions, the selectmen . . . shall certify the cost to the town . . . in carrying out the provisions of this chapter to the board of assessors who shall include the amount so certified in the determination of the tax rate of that year."

1973 change in § 11F (see fn. 3) to negotiate for a policy or policies of insurance and to seek an appropriation by the town meeting sufficient to cover the town's one-half share of the cost of the insurance in question. Then, if the town meeting fails to appropriate the necessary funds, the selectmen are to "certify the cost ... to the board of assessors ... [for inclusion] in the determination of the tax rate of that year." (See fn. 4.)

As we have pointed out above, between the time of the trial court's decision in this case and the time the appeal was briefed and argued, the governing substantive law has been changed. The procedures have also undergone drastic revisions.[5] The case may now be considered as a civil action for a declaratory judgment, and treating it as such we vacate the order denying the petition and remand the case to the Superior Court with instructions to make a declaration of the rights and duties of the petitioners and the selectmen in accordance with this opinion. We deem it unnecessary for that court to grant injunctive relief unless it should be made to appear that the selectmen do not intend to perform the duties so declared.

*So ordered.*

---

[5] See amendments to the General Laws effected by St. 1973, c. 1114, and the Massachusetts Rules of Civil Procedure (and Transitional Rule 1A), which became effective on July 1, 1974.