## 37749. PARTAIN et al. v. CITY OF ROYSTON.

CLARKE, Justice.

This is the third appeal of various judgments which have issued regarding this controversy. This appeal presents the issue of whether an injunction which was imposed as the result of the violation of a zoning ordinance can be enforced by a contempt citation after the repeal of the ordinance. We hold that it cannot, and we reverse.

The first suit filed in this controversy was an action by certain residents of the City of Royston who were dissatisfied with the city's failure to require David Partain to remove his mobile home from the land of Lorene Saylors. They allege the location of the mobile home was in violation of the city's zoning ordinance. Pursuant to this court's decision in *Martin v. Mayor &c. of Royston,* 244 Ga. 669 (261 SE2d 707) (1979), the trial court issued a mandamus absolute requiring the mayor and council to act to remove the mobile home. In September, 1980, we affirmed the judgment of the trial court enjoining the continued presence of the home on the lot in question. *Partain v. Mayor &c. of Royston,* 246 Ga. 297 (271 SE2d 201) (1980). This was made the judgment of the trial court in October, 1980.

In the present action, the City of Royston alleged that defendants had not obeyed the court's order and prayed that the court find the defendants in willful contempt of its order. Following a hearing, the court found the defendants in willful contempt and ordered them committed to jail with the provision that they might purge themselves of contempt by removal of the mobile home within forty-eight hours. This is the judgment which is appealed here.

Defendants defended against the contempt citation arguing that the zoning ordinance of Royston had been repealed. Although the evidence of the repeal of the zoning ordinance offered at the hearing on the contempt was not admissible, defendants moved for reconsideration of the order and attached a certified copy of the

minutes of the city council showing the repeal of the zoning ordinance. Subsequently, the parties entered into a stipulation of fact in which all agreed that the ordinance had in fact been repealed and that from the date of its repeal until the date of the stipulation there had been no zoning ordinance in effect in the City of Royston.

Where the basis for an injunction no longer exists because the authority to do that which was prohibited is subsequently granted, an action for contempt will not lie. State of Pennsylvania v. Wheeling and Belmont Bridge Co., 59 U. S. 421 (18 How. 421, 15 LE 435) (1855); Newton Rubber Works v. De Las Casas, 198 Mass. 156 (84 NE 119) (1908). Conversely, where the statutory basis for an injunction is repealed, contempt will not lie. In the present case, the repeal of the statutory basis for the injunction was not properly brought before the court in the contempt hearing. Since it is clear from the transcript of the hearing that all parties were aware of the repeal of the ordinance and since the fact of the repeal has been subsequently stipulated, this court, in the exercise of its supervisory powers, remands this matter to the trial court for further proceedings as to the question of the willful contempt of defendants.

*Judgment reversed and case remanded to trial court. All the Justices concur.*

DECIDED NOVEMBER 5, 1981.

*David W. Rowan, Gary L. Pleger,* for appellants.
*Jerry N. Neal,* for appellee.