CHIEF OF THE FIRE DEPARTMENT OF LYNN *vs.* LEO
ALLARD & another.[1]

No. 90-P-31.

Essex. May 10, 1990. - February 19, 1991.

Present: WARNER, C.J., ARMSTRONG, & GILLERMAN, JJ.

*Statute*, Acceptance. *Injunction. Practice, Civil*, Contempt proceeding. *Jurisdiction*, Equitable. *Contempt. Fire Prevention.*

An injunction was incorrectly entered on November 2, 1989, ordering the installation of automatic sprinkler systems in certain boarding houses in Lynn in compliance with the provisions of G. L. c. 148, § 26H, as accepted by that city in August, 1987, where the Legislature, by St. 1989, c. 330, amended § 26H to give a five-year grace period for the installation of such systems, measured from the date of acceptance by the municipality, the amendment to be effective November 1, 1989. [130-132]

CIVIL ACTION commenced in the Superior Court Department on October 24, 1989.

A motion for preliminary injunctive relief and a proceeding for contempt were heard by *John T. Ronan, J.*

*Sharon D. Meyers* for the defendants.

*Charles M. Burnim (George S. Markopoulos* with him) for the plaintiff.

ARMSTRONG, J. In 1987 the city of Lynn accepted G. L. c. 148, § 26H, inserted by St. 1986, c. 265, a statute that requires lodging houses and boarding houses in municipalities that accept the statute to be equipped with an automatic sprinkler system. The defendants own lodging houses or boarding houses in Lynn and were ordered by the chief of the fire department to install such systems by August 18, 1988. When they (and other boarding-house owners who have not appealed) failed to do so, the fire chief filed this

---

[1]Gladys Sperounes as trustee of Sperounes Realty Trust.

complaint for equitable relief. A judge of the Superior Court heard the fire chief's application for a preliminary injunction on November 1, 1989, and the following day he ordered the defendants either to install sprinkler systems within thirty days or, if they should fail to do so, to cease operation of noncomplying lodging or boarding houses on the thirty-first day. The defendants have appealed from that order (as permitted by G. L. c. 231, § 118, second par.). On December 13, 1989, the defendant Sperounes was found to be in contempt of court for failure to obey the order, and she has appealed also from that decision.

The defendants contend that the Legislature, by St. 1989, c. 330, amended § 26H to give a five-year grace period for the installation of automatic sprinkler systems, measured from the date of acceptance by the municipality; and that because of the amendment, they are not required to have sprinkler systems installed until August 18, 1992.[2]

Section 26H[3] is self-enforcing in the sense that it imposes directly on boarding and lodging houses the obligation to have automatic sprinkler systems, in contrast to authorizing the head of a fire department to issue orders requiring their

---

[2]The city accepted § 26H in August, 1987, stating in the acceptance order that it was not to be effective for one year — intending thereby to give owners of nonconforming lodging houses and boarding houses a year-long notice period during which they could install sprinkler systems so as to be in compliance by the effective date.

[3]General Laws c. 148, § 26H, as amended by St. 1989, c. 330, states in relevant part:

"In any city or town which accepts the provisions of this section, every lodging house or boarding house shall be protected throughout with an adequate system of automatic sprinklers in accordance with the provisions of the state building code. No such sprinkler system shall be required unless sufficient water and water pressure exists. In such buildings or in certain areas of such buildings, where the discharge of water would be an actual danger in the event of a fire, the head of the fire department shall permit the installation of such other fire suppressant systems as are prescribed by the state building code in lieu of automatic sprinklers. The head of the fire department shall enforce the provisions of this section.

". . . .

"Any lodging or boarding house subject to the provisions of this section shall be equipped with automatic sprinklers within five years after acceptance of this act by a city or town."

installation. The head of a fire department is given broad powers to authorize substitute fire-fighting systems, in situations where water pressure is insufficient for maintenance of a water-sprinkler system, or in rooms where sprinkler systems might pose a danger, and he is empowered to proceed against violators and to enforce compliance. The obligation to install a sprinkler system, however, stemmed not from the fire chief's order, but from § 26H itself, which, the parties agree, became effective in Lynn on August 18, 1988. From that date until November 1, 1989, when the five-year grace period amendment took effect, there can be no question that the defendants were in violation of § 26H.

This action was commenced during that period, on October 24, 1989. The application for the preliminary injunction, however, was heard on November 1, and the injunction was entered on November 2, after the amendment had taken effect. The question for decision is whether the amendment affected the obligation of the defendants to have sprinkler systems.

It is well established that, when a municipality accepts a local option statute, it accepts with it any amendments that the Legislature may thereafter see fit to make, unless the amendatory legislation should otherwise indicate. *Brucato* v. *Lawrence*, 338 Mass. 612, 615-616 (1959). *Oleksak* v. *Westfield*, 342 Mass. 50, 52-53 (1961). *McDonough* v. *Lowell*, 350 Mass. 214, 216 (1966). See *Broderick* v. *Mayor of Boston*, 375 Mass. 98, 102 (1978)(if an amendment is so extensive as to be "not germane to the subject of the original [, this] would tend to look to a fresh acceptance"). In the absence of some indication in the language, the form, or the subject matter of the legislation, a municipality that has once accepted a statute is as fully subject to legislative amendments in it as if it were a statute of State-wide application, not subject to acceptance by the several cities and towns. *Brucato* v. *Lawrence*, *supra.* Section 26H, therefore, as in effect on November 1 and 2, 1989, when the motion for the injunction was heard and decided, did not then impose an obligation on lodging houses and boarding houses in Lynn to

have sprinkler systems, because the five-year grace period from the date of Lynn's acceptance had not expired.[4]

When the fire chief sought to enforce compliance with § 26H through the injunctive process, he was invoking the equitable powers of the court and seeking prospective relief. Unlike legal proceedings, which typically determine a defendant's compliance with obligations on a date in the past, equitable proceedings, looking to prospective relief, take note of events occurring after the commencement of the action, *Bell* v. *Treasurer of Cambridge*, 310 Mass. 484, 488 (1941), and "relief should . . . be adapted to the facts and the law existing at the time of the entry of the final [judgment]." *Hanscom* v. *Malden & Melrose Gas Light Co.*, 220 Mass. 1, 9 (1914). *Giles* v. *Giles*, 293 Mass. 495, 499-500 (1936). *Caputo* v. *Board of Appeals of Somerville*, 330 Mass. 107, 111 (1953). Indeed, an injunction valid when entered will be vacated if a change in the law occurring after its entry should vitiate the basis for it. See *Sawyer* v. *Davis*, 136 Mass. 239, 246-247 (1884); *Newton Rubber Works v. De Las Casas*, 198 Mass. 156, 158 (1908); *Nantucket Express Lines, Inc.* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.*, 350 Mass. 173, 174-175 (1966); *School Comm. of Springfield* v. *Board of Educ.*, 366 Mass. 315, 325 (1974); *Costa* v. *Selectmen of Falmouth*, 3 Mass. App. Ct. 57, 58-59 (1975).

When the fire chief brought this action, the defendants were in violation of § 26H, as then in effect, as it required their lodging houses and boarding houses to be protected by

_____

[4]The city's contention that St. 1989, c. 330, was not intended to be retroactive would be of concern if this were a criminal action looking to fine the defendants for noncompliance prior to November 1, 1989. In this action, which turns on the requirements of § 26H after that date, there would be no basis for holding that the Legislature did not intend the five-year grace period to apply equally to all municipalities, regardless of the date they accepted § 26H. The 1989 amendment was the Legislature's uniform, State-wide solution to the problem of how much lead time existing boarding and lodging houses should be given to comply with the automatic sprinkler law. Lynn's solution, a one-year lead time (see note 2, *supra*), must give way to the Legislature's judgment that five years is appropriate.

automatic sprinkler systems, and they had not installed them. By the time the application for the preliminary injunction had been heard, however, § 26H had been amended to give owners of boarding and lodging houses five years from the date of local acceptance to install such systems. That period had not yet expired, and, thus, the injunction should not have been issued. The order finding the defendant Sperounes to be in contempt of court, which was civil in nature, falls with the underlying injunction. *Stow* v. *Marinelli*, 352 Mass. 738, 744-745 (1967). *Fitchburg* v. *707 Main Corp.*, 369 Mass. 748, 755 (1976).

The order granting the preliminary injunction is reversed as to the defendants Allard and Sperounes. The order of contempt against Sperounes is reversed.

*So ordered.*