SUPERIOR COURT 
 
 CROSSING OVER, INC. & others[1] VS. CITY OF FITCHBURG & others[2]

 
 Docket:
 1785CV01318
 
 
 Dates:
 January 29, 2019
 
 
 Present:
 
 
 
 County:
 WORCESTER, ss.
 

 
 Keywords:
 '
 
 

 MEMORANDUM OF DECISION AND ORDER ON PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS
 Crossing Over, Inc. (Crossing Over) and Massachusetts Alliance for Sober Housing, Inc. (MASH) move for judgment on the pleadings on only two counts: Count I: judicial review of the Automatic Sprinkler Board's decision under G.L. c. 30A, §14; and Count II: injunctive relief to prevent the defendants from enforcing the sprinkler requirements under G.L. c. 148, § 26H.[3] Specifically, they seek judgment in their favor on an appeal of an Automatic Sprinkler Appeals Board (Board) decision under G.L. c. 30A, § 14 and their request for an injunction under G.L. c. 40A, § 3, and the federal Fair Housing Act. The defendants, the Board, the City of Fitchburg (City), and the City's fire prevention bureau (Bureau), oppose the motion. For the reasons discussed below, the plaintiffs' motion is DENIED.
---------------------------

[1]Theodore Bronson and Massachusetts Alliance for Sober Housing. Inc., intervener.
[2] Automatic Sprinkler Appeals Board and City of Fitchburg Fire Prevention Bureau.
[3] Plaintiffs did not move for judgment on the pleadings on Count III violation of the FHA, G.L. c. 151B, and 804 CMR 2.00, et seq., and Count IV the Americans with Disabilities Act.
 -1-

BACKGROUND
 The following facts, obtained from the parties' pleadings, are not in dispute.[4] Crossing Over is a nonprofit organization that operates a sober house for individuals recovering from alcohol and drug addiction. It is located within a residential neighborhood at 44 Mount Vernon Street, Fitchburg, Massachusetts (the Property). Theodore Bronson (Bronson) owns the Property and rents it to Crossing Over for $1,400.00 per month. Crossing Over, in turn, provides communal housing to eight unrelated individuals, who are in recovery, at a weekly cost of $130.00 per person.[5] This weekly charge covers lodging, utilities, the assistance of an on-site program manager, several drug tests per week, and breakfast and lunch. Individuals in recovery must follow certain rules imposed by Crossing Over to continue living at the Property. Those rules include remaining drug and alcohol free and participating in certain treatment or counseling.
 On March 8, 2017, the City fire department sent a letter to Bronson and Crossing Over's program director, Donald Flagg, requiring that automatic sprinklers be installed at the Property, deemed a lodging house, in accordance with G.L. c. 148, § 26H (automatic sprinkler law or sprinkler law).[6] By way of further background, the City adopted the state automatic sprinkler
---------------------------
[4] The Fire Chiefs' Association of Massachusetts was not allowed to intervene in this matter, but was permitted to file an amicus brief. The court acknowledges their brief filed in this matter.
[5] One of the individuals serves as the property manager, overseeing the Property in lieu of payment. None of the residents are parties to this action.
[6] Section 26H states: In any city or town which accepts the provisions of this section, every lodging house or boarding house shall be protected throughout with an adequate system of automatic sprinklers in accordance with the provisions of the state building code. No such sprinkler system shall be required unless sufficient water and water pressure exists. In such buildings or in certain areas of such buildings, where the discharge of water would be an actual danger in the event of a fire, the head of the fire department shall permit the installation of such other fire suppressant systems as are prescribed by the state building code in lieu of automatic sprinklers. The head of the fire department shall enforce the provisions of this section.
For the purposes of this section "lodging house" or "boarding house" shall mean a house where lodgings are let to six or more persons not within the second degree of kindred to the person conducting it, but shall not include fraternity houses or dormitories, rest homes or group residences licensed or regulated by agencies of the Commonwealth. Any lodging or boarding house subject to the provisions of this section shall be equipped with automatic sprinklers within five years after acceptance of this act by a city or town.
Whoever is aggrieved by the head of the fire department's interpretation, order, requirement or direction under the provisions of this section, may within forty-five days after the service of notice thereof, appeal from such interpretation, order or requirement to the board of appeals of the fire safety commission as provided in section two hundred and one of chapter six.
 -2-
law in 2002. The relevant provision of that law states that when a city accepts the provisions of the law then "every lodging house or boarding house shall be protected with. . . automatic sprinklers in accordance with the state building code." G.L. c.148, §26H.
 Bronson and Crossing Over replied with a letter asserting that they should not be required to install sprinklers in light of state and federal anti-discrimination laws, to which the fire department responded.[7] Bronson and Crossing Over then filed an appeal of the fire department's decision with the Board on April 20, 2017. After a hearing held on June 14, 2017, the Board issued a written decision one month later upholding the fire department's determination.
 The Board concluded that the Property is subject to the state sprinkler law, because Crossing Over's operations render it a "lodging house" as defined under that statute. It further determined that the anti-discrimination provisions[8] of the state's zoning act, G.L. c. 40A, § 3 (the Zoning Act), do not apply to invalidate the sprinkler requirements of G.L. c. 148, § 26H, because the Zoning Act targets discriminatory local land use and health and safety laws, created
---------------------------
[7] The plaintiff also objected based on the expense to install automatic sprinklers. They claimed it was going to cost somewhere in the range of $20,000-$55,000. However, they have offered no corroboration on this point in the record. It is also alleged if the sprinklers must be installed then the defendant, landlord, Bronson, would instead rent the Property to a traditional family thus exempting it from the automatic sprinkler requirements of G.L. c. 148, § 26H.
[8] The reference to the "anti-discrimination" provision of the Zoning Act refers to the clause that reads: ‘[n]otwithstanding any general or special law to the contrary, local land use and health and safety laws, regulations, practices, ordinances, by-laws and decisions of a city or town shall not discriminate against a disabled person. Imposition of health and safety laws or land-use requirements on congregate living arrangements among non-related persons with disabilities that are not imposed on families and groups of similar size or other unrelated persons shall constitute discrimination. The provisions of this paragraph shall apply to every city or town . . . ."
 -3-
by municipalities, not the state. According to the Board, the sprinkler law provides protection to boarders in the event of a fire and is applied in a neutral manner. However, the Board did not determine whether enforcement of the sprinkler law under these circumstances constituted discrimination in violation of federal law, including the Fair Housing Act, 42 U.S.C. § 3601 (the FHA), stating that it was "not the proper forum" to make such a determination.
DISCUSSION 
 I. Standard of Review 
 A motion for judgment on the pleadings filed in accordance with Mass. R. Civ. P. 12(c) is treated like a motion to dismiss. Jarosz v. Palmer, 436 Mass. 526, 530 (2002). To survive a motion to dismiss, factual allegations contained in the complaint, taken as true, "must be enough to raise a right to relief above the speculative level." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).
 General Laws c. 30A, § 14(7), requires that the court "uphold an agency's decision unless it is based on an error of law, unsupported by substantial evidence, unwarranted by facts found on the record as submitted, arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law." Massachusetts Sober Housing Corp. v. Automatic Sprinkler Appeals Bd., 66 Mass. App. Ct. 701, 704-705 (2006), quoting Massachusetts Inst. of Tech. v. Department of Pub. Utilities, 425 Mass. 856, 867-868 (1997). The court "owe[s] deference to the board's reasonable interpretation if its own statute," as the Board "is an agency with expertise and experience in the technical aspects of fire safety." Massachusetts Sober Housing, 66 Mass. App. Ct. at 708.
 -4-
 
 II. Positions of the Parties 
 A. Plaintiffs' Position
 Crossing Over and MASH seek judgment in their favor on two of the four counts contained in the complaint.[9] First, they seek judgment in the plaintiffs' favor on appeal of the Board's decision under G.L. c. 30A, § 14 (Count I). They assert that the Board's decision "is unsupported by substantial evidence, and is whimsical, arbitrary, capricious, or made in bad faith," as they claim that the Board erred in finding that the Property is being operated as a "lodging house" and in "ignoring the applicability of G.L. c. 40A, § 3, case law interpreting the same, and the standard for requiring a reasonable accommodation under the Fair Housing Act."[10] According to the plaintiffs, the anti-discrimination provision of the Zoning Act applies to G.L. c. 148, § 26H, because it is a "health and safety law," and thus prevents the City from imposing the sprinkler law in a way that treats unrelated disabled persons living in a sober home differently from families living in a home.
 Second, the plaintiffs seek judgment in their favor on their request for injunctive relief under G.L. c. 40A, § 3, and the Fair Housing Act (FHA) (Count II). They assert that they sought and were denied a reasonable accommodation, a waiver of the application of the sprinkler law. They argued that the individuals living at the Property should be treated, not as a resident of a lodging house, but like residents in a single family for purposes of the Zoning Act and thus not subject to the sprinkler law requirement. Further, they argued, the Board's failure to waive the sprinkler requirement in this instance resulted in a continuing violation of G.L. c. 40A, § 3.
---------------------------
[9] Bronson and Crossing Over, represented by the same attorney, filed the complaint. Bronson, however, did not move for judgment on the pleadings.
[10]Compl. pars. 15-16, 19.
 -5-
According to the plaintiffs, such violation "amounts to per se discrimination based on the disabilities of the sober home residents."[11]
 The remaining two counts of the complaint, which are not included in the plaintiffs' motion for judgment on the pleadings, allege that the City is discriminating against the plaintiffs in violation of the FHA, G.L. c. 151B, and 804 CMR 2.00, et seq. (Count III), as well as the Americans with Disabilities Act (Count IV).[12]
 B. The Defendants' Position
 The defendants assert that the Board was correct in determining that the state sprinkler law controls and is not subject to the anti-discrimination provision in the Zoning Act. They also contend that no reasonable accommodation is needed under the FHA, in the form of an exemption from the sprinkler law, because requiring the installation of sprinklers does not create a disability-related barrier; rather, the concern is a more general one about the availability of affordable housing. The defendants claim that the plaintiffs have not shown that the accommodation is necessary or reasonable, because they have not shown that the installation cost would prevent Crossing Over from continuing to operate at the Property. Finally, the defendants posit that if sprinklers are not required, the result would be at odds with the goals of fire safety and anti-discrimination laws oddly affording disabled persons less protection from fire in their home than if they were not disabled and living in a lodging home.
 III. Applicable Law 
 General Laws c. 148, § 26H, provides in relevant part that: "In any city or town which accepts the provisions of this section, every lodging house or boarding house shall be protected
---------------------------
[11]Compl. par. 23.
[12] This count appears to be erroneously referenced as "Count VI."
 -6-
throughout with an adequate system of automatic sprinklers in accordance with the provisions of the state building code. . . . The head of the fire department shall enforce the provisions of this section." It explains that "[f]or the purposes of this section 'lodging house' or 'boarding house' shall mean a house where lodgings are let to six or more persons not within the second degree of kindred to the person conducting it, but shall not include fraternity houses or dormitories, rest homes or group residences licensed or regulated by agencies of the commonwealth."[13] A party "aggrieved by the head of the fire department's interpretation, order, requirement or direction under the provisions of this section" can file an appeal to the Board in accordance with G.L. c. 6, § 201. G.L. c. 148, § 26H. It is not disputed that Crossing Over was operating what is known as a "lodging house under that statute." See Massachusetts Sober Housing Corp. 66 Mass. App. Ct. at 708 (single family house being used as a sober house with six or more unrelated adult residents was considered a "lodging house" for purposes of the application of the sprinkler law.)[14]
 Section 3 of the Zoning Act (G.L.c. 40A) is titled: "[S]ubjects which zoning may not regulate: exemptions; public hearings: temporary manufactured home residences. What has been referred to as the "anti-discrimination provision" is found in the fourth paragraph of that section 3, and it provides in relevant part that: [n]otwithstanding any general or special law to the contrary, local land use and health and safety laws, regulations. practices, ordinances, 
---------------------------
[13] General Laws c. 148, § 26H, also provides that: "Any lodging or boarding house subject to the provisions of this section shall be equipped with automatic sprinklers within five years after acceptance of this act by a city or town."
[14] The Supreme Judicial Court has pointed out that the distinguishing feature of a lodger is that the lodger, unlike a tenant, has no interest in the real property and enjoys only the right to occupy a room (or bed) as per their agreement with the property owner. City of Worcester v. College Hill Properties LLC 465 Mass. 134, 141(2013) (citing with approval Massachusetts Sober Housing Corp. v. Automatic Sprinkler Appeals Bd. 66 Mass. App. Ct. 701, 707 (2006)). Here the residents paid the weekly sum of $130.00 to live at the sober house. This included their share of utilities, two meals a day and some drug testing. Crossing Over rented the property at a monthly rate of $1,400.00 from defendant Bronson.
 -7-
by-laws and decisions of a city or town shall not discriminate against a disabled person. Imposition of health and safety laws or land-use requirements on congregate living arrangements among non-related persons with disabilities that are not imposed on families and groups of similar size or other unrelated persons shall constitute discrimination. The provisions of this paragraph shall apply to every city or town including but not limited to the City of Boston and the City of Cambridge." (Emphasis added).
 IV. Sprinkler Law Not Subject to Zoning Act 
 The crux of the parties' dispute is whether the state sprinkler law is controlled by and is subject to the above quoted anti-discrimination provision in the state Zoning Act. This is a case of first impression in our state courts.[15] The Board concluded that the "anti-discrimination local law provision" in the Zoning Act does not invalidate the sprinkler law.[16] The court affirms the Board's conclusion that G.L. c. 148, § 26H, governs and applies to this Property which is being used as a lodging house and that the anti-discrimination provision of Zoning Act does not invalidate the application of the sprinkler law in a sober house sheltering eight disabled persons.
 No one disputes that the City adopted the state sprinkler law in 2002 and that the City's fire department is responsible to enforce the statute. The City's adoption of this state statute does not then transform it into a local law or ordinance even though it is approved by the
---------------------------
[15] It has, however, had some recent treatment in the federal district court for the District of Massachusetts. See Donohue and Lincolnshouse, LLC v. City of Methuen, 1:18-cv-10713-LTS (Sorokin J) "Order of Preliminary Injunction" (11/21/2018); Brockton Fire Dep't v. St. Mary Broad Sr. LLC, 181 F. Supp. 3d 155 (D. Mass. 2016); and Summers v. City of Fitchburg, No. 15-cv-13358-DJC, 2016 WL4926415 at 7 (D. Mass. Sept. 15, 2016). The court addresses these cases infra at pg. 12-13.
[16] Plaintiffs' argument that the Zoning Act renders the application of the sprinkler law discrimination per se rests upon the anti-discrimination provision in the Zoning Act because they argue the sprinkler law is a local safety law and the imposition of health or safety laws.., on congregate living arrangements among non-related persons with disabilities that are not imposed on families and groups of similar size or other unrelated persons shall constitute discrimination."
 -8-
municipality. See G.L. c. 4, § 4 (local acceptance of a state law).[17] Nor is there any real dispute that the Property, which houses eight unrelated individuals who are recovering from alcohol and drug addiction, meets the definition of a "lodging house" under this state statute.[18] None of the exceptions apply in this instance.[19] See Massachusetts Sober Housing, 66 Mass. App. Ct. at 708 (sober house that rented lodgings to ten individuals recovering from alcoholism and drug addiction was a "lodging house" as defined in G. L. c. 148, § 26H).
 The state sprinkler law applies to all lodging houses in Fitchburg, and elsewhere across the state, without regard to the physical or mental abilities of the unrelated residents occupying such lodging homes. Consequently, the Property was required to "be protected throughout with an adequate system of automatic sprinklers in accordance with the provisions of the state building code." G.L. c. 148, § 26H.
 Because this court concludes that the anti-discrimination provision of the Zoning Act does not relieve the landlord/owner for installing an automatic sprinkler for this lodging house, the court disagrees with the plaintiff's comparison with a single-family home. The plaintiffs contend that a single-family home, housing six or more family members, would be exempted from automatic sprinkler requirement. However, the standard to which these plaintiffs must be
---------------------------
[17] The statute states: Section 4: Mode of acceptance of statute by municipality or district Section 4. Wherever a statute is to take effect upon its acceptance by a municipality or district, or is to be effective in municipalities or districts accepting its provisions, this acceptance shall be, except as otherwise provided in that statute, in a municipality, by vote of the legislative body, subject to the charter of the municipality, or, in a district, by vote of the district at a district meeting.
[18] The parties have accepted without arguing whether, in fact, each of the residents meet the statutory definition of "disabled." There is no protection under the Americans With Disabilities Act for people using illegal drugs. 42 U.S.C. §12114(a), There is, however protection for recovering drug addicts, specifically people "participating in supervised rehabilitation program and is no longer engaging in such use." (emphasis added); 42 U.S.C. §12114(b)(1)-(3).
[19] The plaintiffs asserted that the residents should be treated as a family and thus not be considered to live in a "lodging house," but did not otherwise dispute such classification.
 -9-
compared with is whether the requirement would be imposed on a lodging house that houses able-bodied persons just as it is sought to be applied to a lodging house that houses disabled persons.[20]Contrary to plaintiffs' contention, the state sprinkler law as not a "local land use, health or safety laws. . . of a city or town." The state sprinkler law, as applied to all lodging houses, does not discriminate against disabled persons. The City is not imposing the sprinkler law as a local "a health and safety laws or land-use requirements on congregate living arrangements among non-related persons with disabilities.
The flaw in plaintiffs' argument is revealed in the plain language of this section. City of Worcester v. College Hill Properties, LLC, 465 Mass. 134, 138 (2013)(court must interpret law according to its plain meeting). The first clause in that paragraph which begins: [n]otwithstanding any general or special law" modifies what follows, which is "local land use and health and safety laws" and the provison applies to every city and town. Thus the legislature is prohibiting cities and town from passing discriminatory local zoning laws. The title to the section, while not controlling, does lend further support to this conclusion: [s]ubjects to which zoning may not regulate." In contrast G.L. c. 148 is a comprehensive state fire safety code establishing certain statewide definitions, including the definition of "lodging house" which is at issue here.
 The plaintiffs' reading of the anti-discrimination provision in the Zoning Act compels the conclusion that all state fire safety laws, that do not by apply to a single-family home, (housing six or more family members) are invalid because they are per se discriminatory when applied to
---------------------------
[20] The defendants raise legitimate, practical, questions such as how the status of the residents in the sober home will be verified. Will the sober home always consist of qualified disabled persons? How many disabled persons (vs. able-bodied persons) and how will that be verified for the purposes of the City's enforcement?
 -10-
a house where six or more disabled persons are living in what the law defines as a "lodging house." Painting the Zoning Act's anti-discrimination clause with such a broad brush, to set aside all state fire safety laws, if the residents are disabled, seems counterintuitive, for several reasons.
First, a lodging house where disabled people reside ought to be compared with a lodging house where six or more abled bodied persons reside. Families living in a single-family home are not engaged in a commercial enterprise, unlike a lodging house, and so it is reasonable to expect that different standards and regulations will apply. The state sprinkler law protects all persons living in all lodging homes regardless of their physical or mental abilities.
 Second, fires do not discriminate. It does not matter to a fire whether the lodging house is home to only able-bodied person or only disabled persons or some combination of the two. And, the when the fire alarm sounds, we require our firefighters to risk their safety to run into the burning building to save us, our pets and our property. In dense and populated urban areas fires can spread quickly and threaten adjoining buildings and homes. The sprinkler law, as well as other sections of the Fire Safety Act, as adopted by the City, seek to extend fire protections in a variety of residential and commercial buildings. For example, the law calls for smoke detectors in residential home (G.L. c. 148 §26E); automatic sprinklers installed in bars and nights clubs (G.L. c. 148, § G 26G 1/2) and the law further extends into residential properties, requiring the installation of automatic sprinklers in new construction (or substantially renovated properties) when it is a multiple residential dwelling unit, containing not less than four dwelling units, "occupied in whole or in part for residential purposes including, but not limited to, lodging houses, boarding houses...." G.L. c. 148, § 261. When a City or town adopts this state statute,
 -11-
they are committed to extending these fire protections to the various types of buildings and properties in their community.
 Lastly, and perhaps most troublesome with the plaintiff's' construction of the Zoning Act's anti-discrimination provision, is that it guarantees the vulnerable, the disabled, with less protection in their lodging homes than similarly situated able-bodied residents living in a lodging home. Plaintiffs respond claiming, without record support, that the landlord cannot afford to install sprinklers and thus fewer of these much-needed sober beds will be available if the Board's decision is affirmed. This, however, is a false choice. It is the property owner's choice to operate a lodging house. Enforcement of the Board's decision is not an act of discrimination against the sober home residents. Rather, it is an economic decision by the property owner. He is free to rent his property as he sees fit and in accordance with the law. If he chooses to operate a lodging house, then he should compete on the same basis as all lodging houses in the City and comply with all applicable lodging house laws.
 Health and safety concerns drive the current demand for sober home beds. And so too health and safety concerns drive the Board's enforcement of the state's fire sprinkler laws. People struggling with recovery should not have choose between living free of drugs and living free of the threat of fire. They deserve to receive the same level of protection in the community as any other resident living in a lodging house.
 Plaintiffs place great weight on three recent Massachusetts Federal District Court cases that concluded, contrary to this court, that the sprinkler act runs afoul of the anti-discrimination provision of the Zoning Act and thus cannot be imposed on sober homes.[21] The principal
---------------------------
[21] The referenced Massachusetts Federal District Court decisions are: Donohue and Lincolnshouse, LLC v. City of Methuen, 1:18-cv-10713-LTS (Sorokin J) "Order of Preliminary Injunction" (11/21/2018); Brockton Fire Dep't v. St. Mary Broad St. LLC, 181 F. Supp. 3d 155 (D. Mass. 2016); and Summers v. City of Fitchburg, No. 15-cv-13358- DJC, 2016 WL4926415 at 7 (D. Mass. Sept. 15, 2016). It is with great respect for the federal jurists who have written these opinions, thought absent state controlling law, this court has adopted a narrower application of the anti-discrimination provision in the Zoning Act.
 -12-
decision upon which the other two federal cases follow is Brocton Fire Depart. v. St. Mary Broad Street LLC., 181 F. Supp. 3d 155 (D. Mass. 2016) There, the court found that the sober house could not be required to install an automatic sprinkler, because that the sprinkler law was a health and safety law and therefore concluded that under the anti-discrimination provision in the Zoning Act it "unequivocally prohibits the facially disparate imposition of the sprinkler law on a group residence sheltering disabled individuals." Id. The two subsequent federal cases adopted the same logic. However, this court finds that the plain language of the Zoning Act restricts its application to local, city and town, zoning, health and safety acts, and does not extend to override the adoption of the state sprinkler act, and the fire safety act. The federal decisions have viewed the "anti-discrimination" provision in the Zoning Act as essentially a veto over fire safety laws as they may apply to lodging houses, but not a single-family residence. Rather than reading the sprinkler law and the Zoning Act harmoniously, these decisions have effectively read out of the state code the sprinkler law as applied to sober lodging homes. Consequently, disabled residents are denied the very protections that able-bodied persons enjoy. That also results discriminatory application of the law. A narrower reading of the "anti- discrimination" provision is warranted to give affect all of the words of both the Zoning Act and the sprinkler law. See City of Worcester v. College Hills Properties LLC, at 139 (courts must render the legislation effective and consistent with reason and common sense.).
 This court defers to the Board's reasonable interpretation of the law. The plaintiffs have
 -13-
not met their burden to challenge the Board's decision under any of the provisions of G.L. c. 30A, § 14(7). The Board's decision is legal, supported by the record and the Board has not exceeded its statutory authority. The court will give deference to the Board's reasonable interpretation of its own statute. See Massachusetts Sober Housing Corp. 66 Mass. App. Ct. at 708. General Laws c. 148, § 26H, is a state law, and not one of "local land use and health and safety laws, regulations, practices, ordinances, by-laws and decisions of a city or town" which is targeted by the Zoning Act. See MacLaurin v. City of Holyoke, 475 Mass. 231, 233-234, 239 (2016) (considering "the plain language" and "the ordinary meaning of the words the Legislature used" in interpreting a statute). By its plain language, G. L. c. 40A, § 3, makes clear that it "appl[ies] to every city or town" to ensure that such local "health and safety laws or land-use requirements" do not discriminate against disabled persons and are not imposed in a discriminatory way. The purpose of G.L. c. 40A is "to provide standardized procedures for the administration and promulgation of municipal zoning laws" (emphasis added). In contrast, St. 1975, c. 808, § 2A. General Laws c. 148, § 26H, is not a municipal zoning law; rather, it is a state sprinkler law that the City adopted. Cf. Chief of Fire Dep't of Lynn v. Allard, 30 Mass. App. Ct. 128, 130 (1991) (discussing the nature of the Sprinkler Law and stating that when a municipality accepts such a local option statute, it is "subject to legislative amendments in it as if it were a statute of State-wide application"). The anti-discrimination provisions set forth in G.L. c. 40A, § 3, do not apply to G.L. c. 148, § 26H.[22] The court thus affirms the Board's decision. In addition, because the Zoning Act does not control, the court denies the plaintiffs' motion insofar
---------------------------
[22] Furthermore, it appears that the Sprinkler Law is not being applied in a discriminatory way. The Sprinkler Law does not target sober homes to discriminate against individuals recovering from alcohol and drug addiction. Rather, it is a state health and safety law that applies to all lodging and boarding houses to protect residents, whether or not they are disabled, in the event of fire.
 -14-
as the plaintiffs seek in Count II an injunction and other relief based on the application of G.L. c. 40A, § 3.
 V. Application of the FHA 
 As to the plaintiffs' FHA claims, the court does not find that the Board made a legal error in declining to address them. Section 3613 of the FHA sets forth the mechanism for an individual to seek enforcement of the FHA. It provides that "[am n aggrieved person may commence a civil action in an appropriate United States district court or State court. . . to obtain appropriate relief." 42 U.S.C. § 3613. The Board, created by G.L. c. 6, § 201, is authorized to hear appeals by parties aggrieved by a head of a fire department's "interpretation, order, requirement, direction or failure to act under" a handful of state sprinkler laws.[23] Under these circumstances, the court concludes that the Board did not commit an error of law when it determined that it was not the proper forum to address the FHA claims. The Board need not have decided whether the FHA applied and whether the defendants violated it.
 Nevertheless, the plaintiffs are now before a state court that may address such claims. See 42 U.S.C. § 3613. The court has already determined that G.L. c. 40A, § 3, does not control and thus will not impose an injunction for violation of the FHA on this basis, as was requested in Count II. As the remainder of the plaintiffs' claims of discrimination and failure to grant a reasonable accommodation under the FHA appear to be encompassed in Count III of the complaint, the court will not address them at this time on this record.
 ORDER
---------------------------
[23] Although the parties appear to have relied on the language contained in G.L. c. 148, § 26H, that the Board may hear appeals related to that section in accordance with G.L. c. 6, § 201, the court notes that G.L. c. 6, § 201, provides a framework for hearing appeals related to §§ 26A 1/2, 26G 1/2, and 26G explicitly. There is no mention of § 26H in G.L. c. 6, § 201.
 -15-
 For the reasons set forth above, it is therefore ORDERED that the plaintiffs' motion for judgment on the pleadings is DENIED.
/s/Rosemary Connolly Justice of the Superior Court
January 29, 2019
 -16-